## Cal Griffin v. The State.

### No. 3964.   Decided October 14, 1908.

**1.—Carrying Pistol—Evidence—Incidental Difficulty.**

Upon trial for unlawfully carrying a pistol where the evidence showed a personal difficulty between the brother of defendant and another in which difficulty the defendant to some extent intervened while carrying the pistol, and it was impossible to have developed the facts with reference to defendant's possession of the pistol at the time without this, there was no error in admitting in evidence a substantially full statement of said difficulty; besides it was competent for the State to show that the defendant deflected from his journey home, which act he set up as a defense.

**2.—Same—Charge of Court—Deflecting from Course.**

See opinion for charge of court held to be correct, under defendant's claim that he was given the pistol to carry the same home.   Following Navarro v. State, 50 Texas Crim Rep., 326, and other cases.

**3.—Same—Information, Complaint.**

Where upon trial for unlawfully carrying a pistol it appeared from the record that the affidavit was made before a justice of the peace and filed in his court, and that the same together with the information was filed in the county court many months before the trial, it will be assumed that the case was legally filed in the county court.

**4.—Same—Fact Case.**

Where upon trial for unlawfully carrying a pistol the case is essentially one of fact, the verdict of guilty will not be disturbed.

Appeal from the District Court of Nacogdoches.   Tried below before the Hon. C. D. Mims.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $125 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—The appellant was charged by information in the County Court of Nacogdoches County with the offense of unlawfully carrying on and about his person a pistol. On trial he was convicted and his punishment assessed at a fine of one hundred and twenty-five dollars and thirty days · confinement in the county jail.

The evidence was undisputed that appellant had on his person a pistol. His defense was, in substance, that the pistol had been given to him by one Bishop to carry to his, appellant's, home, and that when discovered with the pistol upon his person he was in the act of carrying the pistol to his home. The record is full of testimony touching a personal difficulty between one I. M. Shepherd and a brother of appellant in which, to some extent at least, appellant intervened. An objection is made that all this testimony, in respect to the difficulty, was improperly received and that its effect was to prejudice appellant's cause. We believe that some of the details of this difficulty might well have been omitted, and yet, it would have been very difficult, if not impossible, to have shown the facts and developed the possession by appellant of the pistol and the circumstances of his having the same, without going to some length into the details of this difficulty. Indeed, an intelligent account of the circumstances of appellant's having the pistol would have been incomplete without a substantially full statement of the difficulty in question. Besides, in view of the contention of the State, in rebuttal of the claim of appellant that he was carrying the pistol home, it was, under all the decisions, competent to be shown that he had turned aside from his journey home and become engaged in a personal difficulty.

This was submitted to the jury in this language: "You are further instructed that if you believe from the evidence that the defendant was given the pistol by one Lee Bishop, who was stopping at the home of defendant, with the request from said Bishop that he, defendant, take said pistol for him to his, defendant's, home and you further believe from the evidence that defendant thus came into the possession of said pistol, and that at the time he was seen with the same he was proceeding on his way home along a route a person would usually or ordinarily travel in going from the place where defendant claims to have been given said pistol by the said Lee Bishop to defendant's said home, you will acquit the defendant; and this although you may believe from the evidence that defendant while thus proceeding on his way home, became involved in a difficulty with one I. M. Shepherd or any other person, and that in said difficulty defendant used said pistol as a

weapon of offense or defense. The right or wrong of the defendant's said acts in said difficulty will not be considered by you as determining the guilt or innocence of defendant in this case, except in so far as they may show or tend to show the purpose of defendant in having said pistol; and if upon the whole of the evidence (not considering the right or wrong of defendant's acts in said difficulty, or those of his brother, Mart Griffin) you have a reasonable doubt of defendant's guilt you will acquit him. You are charged that while the defendant would have the right to carry said pistol home from the place he claims to have obtained it under the circumstances he claims to have received it, it would be his duty while he so carried it to proceed on his way home with it in a reasonable time after he received it, and along a route a person would usually or ordinarily travel in going to defendant's home from the place he claims to have received the pistol from said Lee Bishop, and he would not have the right to turn aside or deflect from the route he was so traveling in going to his home and voluntarily engage in a quarrel or fight with another person, or so join his brother, Mart Griffin, in a voluntary quarrel or fight with another person, and this although you may believe from the evidence that the defendant was lawfully carrying said pistol up to such time." This charge follows the cases of Navarro v. State, 50 Texas Crim. Rep., 326; Cordova v. State, 50 Texas Crim. Rep., 353; Granger v. State, 98 S. W. Rep., 836; Irvin v. State, 100 S. W. Rep., 779; Quinn v. State, 50 Texas Crim. Rep., 209; Brown v. State, 51 Texas Crim. Rep., 423. We have considered the special charges requested by appellant and think so far as proper, they were included in the general charge of the court.

Motion was made in the court below to quash the information. From the bill of exceptions it appears that this motion was made for the reason that the same is not based upon any complaint filed in the county court; that the complaint filed upon which the information is based shows that it was originally filed in the Justice Court of precinct No. 6, Nacogdoches County, Texas, and there being nothing in the record showing how the complaint got into the County Court of Nacogdoches County, Texas, and there being no authority at law to transfer complaints filed in the justice court as a basis for the information and prosecute same in said last above named court, and because further, the complaint shows upon its face that it was not made under the authority and official seal of any officer designated by the statute and being authorized to take complaints for the prosecution in the county court, it appearing as alleged that the complaint shows to have been made before a justice of the peace of Nacogdoches County and not before him as an ex officio notary public. The complaint as it appears in the record was made by B. L. Jopling on the 6th day of May, 1907.

It bears the file mark of the County Clerk of Nacogdoches County, of date May 7, 1907. The trial was had on the 28th day of January, 1908. As the justice of the peace had no authority, in view of the penalty of imprisonment attached to the offense, to try the case, and inasmuch as the complaint with the information was filed in the county court many months before the trial, it is to be assumed that the case was legally filed in the county court, where alone it might be properly tried.

The case is essentially one of fact and the jury by their verdict, having affirmed the judgment on the facts, adverse to appellant, we believe that we should not interfere. It is, therefore, ordered that the judgment of the court below be and the same is hereby in all things affirmed.

*Affirmed.*