## D. LEGION BEDFORD V. THE STATE.

No. 3278.   Decided October 28, 1914.

Rehearing denied November 18, 1914.

**1.—Swindling—Evidence—Knowledge of Defendant—Rebuttal.**

Where, upon trial of swindling in borrowing money and giving a lien on a certain city lot, the State showed that prior thereto the defendant had already sold the lot to another party, and defendant contended that the money on said prior deal had not been paid him, and that he did not know that the deed he gave the first party had been placed on record, etc., there was no error in permitting the State to show in rebuttal that defendant had received full payment on the first deal, and that his deed to said lot was delivered to the first purchaser and placed on record, and that the defendant knew these facts.

**2.—Same—Evidence—Other Offenses—Rule Stated.**

Where the issue is with what intent the alleged act complained of was

done, proof of another offense is admissible as direct evidence against the accused.

**3.—Same—Suspension of Sentence—Evidence—Credibility of Witness.**

Upon trial of swindling, where defendant had filed his application asking a suspension of sentence in the event he was convicted, there was no error in permitting the State, on cross-examination of defendant, to show that he had been indicted for several offenses, although testimony as to a prior conviction for forgery in which the judgment was set aside and the indictment dismissed was not proper evidence; however, no specific objection having been urged thereto, and the court properly limiting said testimony, there was no reversible error.

**4.—Same—Charge of Court—Requested Charge—Intent.**

Where, upon trial of swindling in obtaining money on a certain city lot, the evidence showed that the defendant had made a prior conveyance thereto to another party, and defendant claimed that he had received no consideration on said first deal, which was rebutted by the testimony of the State, a special instruction that the jury could not consider the deed from defendant to the first party as evidence of guilt was correctly refused, the court having submitted the question of intent in his general charge; which also covered another refused requested charge by the defendant.

**5.—Same—Charge of Court—Objections.**

Under the law as it now is, this court can not consider objections made to the charge of the court after it has been submitted to the jury or after verdict; besides, the exception thereto was too general, and the criticism that it was upon the weight of the evidence was not borne out by the record.

**6.—Same—Charge of Court—Amended Motion for New Trial.**

Where appellant in his amended motion for new trial complained of the charge of the court, but there was no fundamental error to show that appellant had not received a fair and impartial trial, there was no reversible error.

**7.—Same—Sufficiency of the Evidence—Record Evidence—Oral Testimony—Harmless Error.**

Where defendant was charged with swindling in obtaining money upon a city lot which he had conveyed prior thereto to another party and received the money thereon, all of which was shown by oral testimony upon the trial without objection, a complaint in the motion for new trial that the conviction was not supported by the evidence, under which complaint in appellant's brief it was claimed that the note and deed of trust given by appellant to the party alleged to have been swindled had not been introduced in evidence, nor the deed from defendant to the first purchaser, which was borne out by the statement of facts, yet as the record was replete with oral evidence of the contents of these instruments to which no objection had been made, there was no reversible error.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of swindling; penalty, not less than two nor more than three years imprisonment in the penitentiary.

The opinion states the case.

*Green & Boyd,* for appellant.—On question of proof of other offenses: Hill v. State, 44 Texas Crim. Rep., 603; Welhousen v. State, 30 Texas Crim. App., 623.

On question of admitting evidence of former offenses: Haney v. State, 57 Texas Crim. Rep., 158, 122 S. W. Rep., 34.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of swindling, from which judgment he prosecutes this appeal.

It is alleged that appellant represented to Thomas Engates that he was the owner of lot No. 8 in block No. 3 of the Sweeney Addition to the City of Houston, and borrowed from him $50, agreeing to give him a note for $75, payable in sixty days, and secure the payment of the note by giving a deed of trust on said lot in said block, which instruments he executed and delivered to Engates at the time he received the money from him. The basis of the alleged swindle is that appellant did not at said time own the lot on which he gave the deed of trust, and had no right to give a lien thereon.

The State proved by Ned Powell that he had bought from appellant this identical lot—lot 8, in block 3—and paid him $75 for it prior to the time appellant gave Engates the deed of trust thereon. That appellant, at the time he, Powell, paid him the money delivered him a deed to this lot, which he placed of record in Harris County. This was all the State offered to prove by Powell. After the State had closed appellant testified and introduced testimony tending to prove that while he did execute the deed to Powell, he did not deliver it to him, and Powell did not at that time pay him the money; he said he delivered the deed to one Emmett Neal to be kept until Powell paid the money, when he, Neal, was to deliver the deed to Powell; that Powell had never paid the money, and he did not know the deed had ever been delivered; that he had been informed that instead of the deed being delivered to Powell it had been destroyed, and he was under that impression when he gave the deed of trust to Engates. So it is seen, it became a material question whether or not the money had in fact been paid by Powell, and whether in fact appellant knew the deed had been delivered to Powell at the time he·gave the deed of trust. After appellant had testified as above stated, and introduced such corroborative testimony as was at his command, the State recalled Powell in rebuttal, and he testified that at the time he purchased the lot in question he paid appellant in full for it, borrowing $37.50 from Neal, and the deed was delivered to Neal to be held by him until he paid Neal the $37.50; that he paid this $37.50 the next day, when the deed was delivered to him by Neal, and he had it placed of record, and on the question of whether or not appellant knew the deed had been delivered or not, Powell was permitted to testify that some two weeks after the deed had been delivered to him and he had placed it of record, he approached appellant and told him that he had learned the title to the lot was not good, and demanded back ·his money, and appellant had agreed to give him another lot in lieu thereof, which he had never done.

Appellant objected to this latter testimony on the ground that it was

hearsay, not germane to any issue in the case, and only tended to prove that he had been guilty of another and different offense from that for which he was on trial. The testimony was certainly germane to the issue as to whether or not appellant knew the deed had been delivered to Powell at the time he gave the deed of trust to Engates, and the court did not err in admitting the testimony. If it proved that he, appellant, knew he had sold the lot to Powell, and he had received the money therefor, and the deed thereto had been delivered to Powell prior to the time he offered to and did give a deed of trust to Engates on the same property to secure the $50 he borrowed from him (Engates), the testimony was clearly admissible on the issue of what was his intent in . giving the deed of trust to Engates—did he at that time, the very time he received the money, intend to swindle Engates out of the money? Any competent evidence which tends to defeat the defense urged is admissible, though it tends to show another offense. (Craig v. State, 23 S. W. Rep., 1108; Stovall v. State, 97 S. W. Rep., 92.) The following rules of law laid down in Gilbraith v. State, 41 Texas, 567, have always been followed by this court:

"There are, unquestionably, cases in which it is admissible, in support of the charge against the defendant, to adduce evidence which may refer to and be more directly connected with other offenses than the one for which he is on trial, or even to go directly into and show other criminal transactions of a similar character. Such evidence, however, is admitted mainly when it is necessary to establish identity in developing the res gestae, or in making out the guilt of the defendant by a chain of circumstances connected with the crime for which he is on. trial. (Mason v. State, 42 Ala., 532.) But much the larger class of cases, where proof of another crime is admissible as direct evidence . against the accused, is when the intent with which a particular act is done may be the gist of the offense."

The cases cited by appellant, holding evidence of other crimes inadmissible, have no application in a case where the issue is, with what *intent* did the person on trial do the act complained of. His testimony would show that he intended no wrong—that he thought he was at the time still owner of the lot, while this testimony of Powell would show that he did not so believe—that he knew he had sold the lot in question, received the money therefor, and delivered to him a deed thereto, and necessarily knew he had no right to mortgage the lot at the time he gave Engates the deed of trust thereon.

Appellant testified in his own behalf, and also filed an application asking a suspension of the sentence in case he was convicted. On cross-examination of appellant the State proved by him that he had been indicted for several offenses, and that some time before he had been convicted of forgery. Appellant objected to this testimony. All of it was admissible on the issue of his credit as a witness, and on the issue of whether or not the jury would recommend a suspension of sentence if they found him guilty, except that portion in which it was shown that he had been convicted of forgery. As this judgment had been set aside

and a new trial granted, testimony of the conviction was not proper evidence, and an objection if urged specifically to this part of the testimony should have been sustained. However, as the court permitted appellant to testify, and he did testify that the judgment of conviction had been set aside, the indictment quashed and the case dismissed, and as the testimony as to appellant being indicted charged with other offenses was properly limited in the charge of the court, the matter does not present reversible error.

At the time the charge was presented to appellant for his examination, he made no objection thereto, but he did ask that several special charges be given, and to the refusal of the court to do so he excepted in three instances and presents the matter in three bills of exception. In the first he complains of the action of the court refusing to give a special charge in which he asked the court to instruct the jury that they could not consider the deed from appellant to Powell "as evidence for the purpose of establishing the guilt of defendant." As the evidence was admissible on the issue of whether appellant had the intent to swindle Engates at the time he borrowed the money and gave the deed of trust, the court did not err in refusing this charge. The court did charge the jury in regard to this transaction, that if appellant did not receive the consideration from Powell for the lot at the time the deed was made to Powell, to acquit appellant. This fully covered this phase of the case, and it was not necessary to give the special charges requested in regard to this phase of the case. The other special charge, to the refusal of which appellant reserved an exception, is fully covered by the main charge of the court.

The only other exception in the record relates to a paragraph of the charge of the court. As before stated, there is nothing in the record showing that appellant objected to that or any other part of the charge prior to the time the charge was read to the jury. Attorneys seem to forget, under the law as it now is, this court can not consider objections made to the charge after it has been submitted to the jury, or after verdict. In the bill in the record, however, no error is pointed out in the paragraph included in the bill; it is simply stated that the appellant "excepted to the action of the court in giving such instructions." No error, if error there be, in the paragraph is suggested or attempted to be pointed out. However, in the able brief filed in this case, appellant insists that this paragraph was upon the weight to be given certain testimony. It is not susceptible of this criticism. The court simply informs the jury as to the law, in case they find certain facts beyond a reasonable doubt. This does not suggest to the jury the weight to be given the testimony, but leaves to the jury all issues of fact, and the weight to be given all testimony is left to their judgment without any intimation from the court of what weight should be given to it as proving any fact.

These are all the bills in the record. In the second amended motion for new trial appellant does complain of the charge in other respects, but these we can not consider, as they do not present fundamental error.

if any error at all, and certainly the charge was one under which appellant could and did receive a fair and impartial trial.

The only other question we deem necessary to notice is one that is first presented in appellant's brief. In the motion for new trial we find the following ground: "Because said verdict of conviction is contrary to and unsupported by the evidence." Under this ground in the motion he calls our attention to the fact that the note from appellant to Engates, the deed of trust given to him, nor the deed from appellant to Powell, are included in the statement of facts, and he earnestly insists that as the instruments do not appear in the record before us, we should sustain this ground of the motion for new trial. He is correct in stating that those instruments are not in the record, and we can not understand the negligence or carelessness of State's counsel in permitting them to be omitted, if in fact they were introduced in evidence. In the statement of facts we find the following notations:

"The State of Texas by her district attorney here offered in evidence the note and mortgage, being exhibits 1 and 2, pages — of this statement of facts." Again: "State. We now offer the D/T note." And, when Powell had testified and identified the deed from appellant to him, we find the following: "State. We offer the deed in evidence."

This memorandum only shows that the note, deed of trust and deed were offered in evidence, and does not show that they were in fact introduced in evidence. Consequently, if the conviction had to stand on whether or not these instruments were actually introduced in evidence, or as to what their contents were, appellant's contention would be sound, and it would be necessary to reverse the case, although it is manifest from the entire record that they were in fact introduced in evidence. In one of his special charges appellant recites "that the State introduced in evidence before you a deed from defendant to one Ned Powell." Again, in another charge he recites the introduction of the deed of trust in evidence. It is thus made plain by the record that these instruments were all in fact introduced in evidence, but they are not included in the record sent to us.

Of course, they are the primary or best evidence, and secondary evidence of the contents of these instruments were they not introduced in evidence should not have been admitted had objection been made. No such objection was made, and the record is replete with oral evidence of the contents of these instruments, and as to the execution and delivery of same. Engates was permitted to testify, without objection, that appellant had borrowed from him $50, and gave him a note for $75, due in sixty days; that to secure the payment of this note appellant gave him a deed of trust on lot 8, in block 3, of the Sweeney Addition to the City of Houston; that Mr. Rowe made out the deed of trust and note.

T. C. Rowe testified that appellant and Engates came to his office, and appellant desired the papers drawn and then and there stated that he had a deed to the lot; that the title to it was clear, and there were no encumbrances of any kind against it. That he then drew up the

deed of trust and note, and appellant signed both of them, and he then took appellant's acknowledgment to the deed of trust. In his presence Engates let Bedford have the $50. That the note was subsequently given to him for collection, and he presented it to Bedford and Bedford offered to give him a deed of trust on another lot, which, upon investigation, he found another man owned, and therefore he would not take a deed of trust on it.

The testimony of Engates and Rowe proved conclusively the loan, the representations, and the execution and delivery of the note and deed of trust. In fact, appellant in his testimony admits all these facts, and the defense he makes is that he at the time did not know that the deed he made to Powell to this property had been delivered to Powell—that Powell had not paid him, and he thought the deed had been torn up, and that he had a right to give the deed of trust to Engates. So this much at least is amply proved by the record, even though the deed of trust and note were not in fact introduced in evidence.

The next question is, does the record disclose that a deed had been made to Powell to this same property prior thereto, although the deed was not in fact introduced in evidence? Powell testified that he paid appellant $75 for lot 8, in block 3; that he saw appellant sign the deed, and that the deed was delivered to him, and he placed it of record. Emmett Neal testified that the deed was executed to Powell in Parris' office on or about the 15th day of March, 1912, to lot 8, in block 3, in the Sweeney Addition. J. P. Parris testified he prepared this deed and took the acknowledgment. So the execution of the deed to Powell was shown beyond a shadow of a doubt, even though the deed was not in fact introduced in evidence, and we are of the opinion that even though the note, deed of trust and deed were not in fact introduced in evidence, yet the evidence that this record shows was adduced on the trial amply supports the verdict. As hereinbefore stated, such facts may have been proven by evidence that could have been excluded on proper objection being made, if the note, deed of trust and deed, were not in fact introduced in evidence, yet as this testimony was admitted without objection, it is ample to support the verdict, even though the note, deed of trust and deed were not in fact introduced in evidence.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 18, 1914.—Reporter.]