### FRANK DOLEZAL V. THE STATE.

#### No. 4335.  Decided January 10, 1917.

Rehearing denied February 21, 1917.

**1.—Carrying Pistol—Remarks by Judge—Bill of Exceptions.**

In the absence of a bill of exceptions showing that any testimony was elicited from the witness who from the statement of facts appeared to be an unwilling witness, the remarks of the judge that he was an unwilling witness, and that the prosecuting attorney could ask him leading questions as requested by him, was not reversible error.

**2.—Same—Evidence—Rebuttal—Election by State.**

Where defendant claimed that the pistol alleged to have been carried by him was broken and could not be shot, etc., there was no error in admitting testimony showing that two or three weeks prior to said time, the defendant had a pistol out in the road and fired it several times; besides, it was proper testimony in the absence of a demand that the State elect to establish the offense. Following Bradshaw v. State, 32 Texas Crim. Rep., 381.

**3.—Same—Evidence—Rebuttal—Testimony Drawn Out by Defendant—Res Gestae.**

Where defendant claimed that the pistol which he was alleged to have carried was out of repair and could not be fired, there was no error in admitting testimony in rebuttal to show that during a certain difficulty with the State's witness at the time alleged, he reached in his side pocket and drew a pistol; besides, part of the details of said transaction had been drawn out by the defendant. Following Muldrew v. State, 73 Texas Crim. Rep., 463, and other cases.

**4.—Same—Sufficiency of the Evidence—Rebuttal—Election by State.**

Upon trial of unlawfully carrying a pistol, testimony that two or three weeks before the time alleged defendant carried a pistol in the public road and fired the same, was sufficient to sustain the conviction outside of the testimony that he carried the same at the time alleged, in the absence of a demand that the State elect.

Appeal from the County Court at Law of Harris. Tried below before the Hon. W. E. Monteith.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

*Heidingsfelder,* for appellant.—Cited: Fitzgerald v. State, 52 Texas Crim. Rep., 265; Dillingham v. State, 32 S. W. Rep., 771; Kirk v. State, 35 Texas Crim. Rep., 224.

*C. C. McDonald,* Assistant Attorney General, *John H. Crooker,* and *E. T. Branch,* for the State.—On question of sufficiency of the evi-

dence: Pickett v. State, 10 Texas Crim. App., 290; Huff v. State, 53 Texas Crim. Rep., 454; Anderson v. State, 61 id., 5; Hogan v. State, 66 id., 498; Hollins v. State, 71 id., 84; O'Hara v. State, 74 id., 447.  .

On question of whether it was proper for the State to show that the defendant two or three weeks before the alleged date of carrying the pistol had a pistol and fired it on the public road, in the absence of an election by the State: Craig v. State, 23 S. W. Rep., 1108; Stovall v. State, 97 id., 92; Bedford v. State, 75 Texas Crim. Rep., 309; McGuire v. State, 10 Texas Crim. App., 125; Lane v. State, 73 Texas Crim. Rep., 266; Lampkin v. State, 47 Texas Crim. Rep., 625.

On question of rebuttal: Briscoe v. State, 32 Texas Crim. Rep., 411; Upton v. State, 33 id., 231; Irvin v. State, 51 id., 52; Griffin v. State, 54 id., 374; Hutchinson v. State, 58 id., 228.

On question of remarks by trial judge and leading questions: Wofford v. State, 60 Texas Crim. Rep., 624; Harris v. State, 37 id., 441; Thompson v. State, 35 id., 352; Young v. State, 31 id., 24; Stayton v. State, 32 id., 33; Newman v. State, 64 S. W. Rep., 258; Milo et al. v. State, 59 Texas Crim. Rep., 196; Loan v. State, 69 Texas Crim. Rep., 221.

MORROW, Judge.—Charged with the offense of carrying on and about his person a pistol on or about the 12th day of October, 1916, appellant, Frank Dolezal, was tried before a jury and convicted, and his punishment fixed at a fine of $100.

The fact that appellant had possession of the pistol at the time and place charged was conceded, but it was urged in defense that the pistol was broken and not in condition to be shot. S. T. Petrosky testified that he saw the appellant have and carry on and about his person a pistol on October 12, 1916, in Harris County, Texas; and on cross-examination by appellant, he further stated that the appellant took the pistol out of his pocket and pointed it at the witness; that it was a small automatic pistol. A small blue automatic pistol was exhibited to him by appellant's counsel. He stated that it looked like the one appellant had. Appellant testified that the pistol exhibited to the witness was the one that he had in his possession at the time of the alleged offense and he didn't own, and never owned, any other. It was conceded by the State that the pistol exhibited at the trial was in such condition that it would have been no offense to carry it. The State, in rebuttal, introduced testimony to the effect that at the time the appellant was charged with possession of the pistol, appellant had cursed the prosecuting witness Petrosky, that Petrosky struck the appellant, and that the appellant reached in his pocket and pulled out a pistol, pointed it at Petrosky and snapped it twice. There was evidence introduced by the State also that the pistol exhibited at the trial was not the same pistol that the appellant had at the time of the alleged offense.

Complaint is made in the first bill of exceptions to a remark made by the presiding judge in response to a request by the prosecuting attorney that he be permitted to lead the State's witness Schneider, the remark complained of being as follows: "Yes, the witness is an unwilling witness and you may lead him." .While the statute prohibits the trial judge from commenting upon the testimony, the rule of law followed by this court is that it is not every comment that requires a reversal of the judgment, but that before a reversal is authorized, it is essential that the probability of injury shall be disclosed by the record. Stayton v. State, 32 Texas Crim. Rep., 33; Milo v. State, 59 Texas Crim. Rep., 196. The bill of exceptions in question fails to show that any testimony was elicited from the witness Schneider, and in consequence of such failure does not show any error. Harris v. State, 37 Texas Crim. Rep., 441. Looking to the statement of facts, however, it appears that the witness Schneider testified, in effect, that he. was unwilling to testify because he was a friend to both parties.

The State, in rebuttal, introduced a witness who testified that, two or three weeks prior to the difficulty between appellant and Petrosky, above mentioned, the appellant had a pistol out in a road and fired it several times. The admission of this testimony is complained of as being "irrelevant and immaterial, and further, that the State was relying to sustain a conviction on the charge of carrying a pistol on the day and date alleged in the indictment, and was highly prejudicial." The evidence was admissible in view of appellant's evidence that the pistol carried by him was broken and could not be shot and that he owned and had no other pistol. Craig v. State, 23 S. W. Rep., 1108; Stovall v. State, 97 S. W. Rep., 92; Bedford v. State, 75 Texas Crim. Rep., 309, 170 S. W. Rep., 727; Lampkin v. State, 47 Texas Crim. Rep., 625; Briscoe v. State, 32 Texas Crim. Rep., 411; Upton v. State, 33 Texas Crim. Rep., 231; Irvin v. State, 51 Texas Crim. Rep., 52; Griffin v. State, 54 Texas Crim. Rep., 374, and in the absence of a demand that the State elect as to which transaction it would rely on for a conviction, it was proper testimony going to establish the offense charged. Bradshaw v. State, 32 Texas Crim. Rep., 381.

Appellant complains in his third bill of exceptions of the action of the court in permitting the State to prove that at the time of the alleged offense, "The defendant called poung Petrosky a damn liar, and young Petrosky jumped off a hay wagon and struck him twice, and it was then that the defendant reached in his right side pocket and pulled out a gun." This testimony was introduced by the State in rebuttal, and is deemed proper as meeting the issue made by the appellant that the pistol was not in condition to be shot. McMahon v. State, 16 Texas Crim. App., 357; Muldrew v. State, 73 Texas Crim. Rep., 463, 166 S. W. Rep., 156. A part of the details of the difficulty between appellant and Petrosky were drawn out by appellant on cross-examination of the witness Petrosky, and the details, the admission of which are

complained of, were a part of the res gestae, and for both of these reasons were admissible.

The evidence, in our judgment, is sufficient to support the conviction, and it is ordered that the judgment of the lower court be affirmed.

*Affirmed.*

### ON REHEARING.

#### February 21, 1917.

MORROW, JUDGE.—On motion for rehearing appellant insists that the facts were insufficient to support a conviction.

Appellant had a difficulty with Petrosky on October 12, 1916, and at the time of this difficulty he exhibited a pistol. He claimed that the pistol was not in condition for use, and exhibited at the trial of the case a pistol which he claimed was the same that he had in his possession at the time of the difficulty, and this pistol exhibited at the trial was admittedly so out of repair as to be useless. An issue of fact was raised with reference to the identity of the pistol exhibited at the trial and that in the possession of appellant at the time of the difficulty. At the time of the difficulty he snapped the pistol a couple of times, and one of the witnesses, Frank Markel, who saw the difficulty, testified that the pistol exhibited at the trial was not the same one that appellant had in his possession at the time of the difficulty. After the difficulty appellant went to Petrosky and asked him not to prosecute him on account of the pistol. In this conversation appellant did not tell Petrosky that the pistol was broken, but told him that he had it for his protection, as he worked negroes down on his place and he kept it for his own protection; at least Petrosky so testified. We think that this evidence is sufficient to support the finding of the jury that the appellant was unlawfully carrying a pistol at the time of the difficulty.

In addition to this, there was testimony that two or three weeks before the difficulty appellant had a pistol out on the road and fired it several times. No request was made of the State to elect as to which occasion the prosecution would be founded upon, and in this state of the record the testimony last mentioned above would of itself authorize a conviction.

The motion for rehearing is overruled.

*Overruled.*