## EMILIO DE POMBO V. THE STATE

No. 9581.   Delivered November 25, 1925.

Rehearing denied January 27, 1926.

**1.—Forgery—Indictment—Copy Furnished Appellant—Objection to.**

Where an objection was raised of a variance between the copy of the indictment served upon appellant and the indictment itself after the indictment was read and the plea of appellant entered, such objection came too late, and no error is presented.

**2.—Same—Indictment—Variance—Not Shown.**

Where the indictment set out in haec verba the forged check, complaint of appellant that the amount had been changed from 10 cents to $9.10 instead of from $10.00 to $910.00, by adding the figure 9 before the 10, criticisms of the amount of the check are without merit; where the check introduced in evidence corresponds with the indictment, and no variance was shown.

**3.—Same—Evidence—General Reputation.**

Where a witness offered by the appellant on the issue of general reputation, testified that she had known the accused but a short time, had not heard anyone discuss his reputation, and that she did not know his general reputation in the community, there was no error in excluding this testimony.

**4.—Same—Argument of Counsel—Bill of Exception—Incomplete.**

Where complaint is made of the argument of counsel for the state, the bill of exception presenting the matter should and must contain sufficient facts to manifest the error complained of, in order that this court may not be compelled to search the statement of facts or the record otherwise to ascertain if the matter complained of has merit, and failing to comply with this rule, the bills of exception present nothing that may be considered by us.

ON REHEARING.

**5.—Same—Indictment—Service of Copy—Rule Stated.**

While it is true that the accused is entitled to a copy of the

indictment against him, as the statute directs, and there are cases in which it was held reversible error to refuse him such copy, where a copy has been served, in some respects different from the original indictment, and no complaint is made by appellant until after his plea has been entered, and no demand is made for a correct copy before the trial begins we. do not think same calls for a reversal of the case on our part, and the motion for rehearing is overruled. Distinguishing Reville v. State, 218 S. W. 1044, and Venn v. State, 218 S. W. 1060.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction of forgery, penalty five years in the penitentiary.

The opinion states the case.

*John W. Baskin*, Fort Worth, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction in the Criminal District Court of Tarrant County of forgery, with punishment fixed at five years in the penitentiary, this appeal is is taken.

The State's testimony amply makes out the case. Appellant presented to the cashier of the Bewley Mills, where he was employed as a stenographer, a check of $10.00 made payable to himself. The check was signed by the cashier. The State's contention was that thereafter appellant raised the check so as that it became and was for $910.00 by the insertion and writing in of the figures "9" before the figures "10". The testimony offered in behalf of appellant went no further than to show his general reputation.

We have examined each of the six bills of exception in the record. We are not favored with a brief presenting appellant's views in regard to them. One of them complains of a variance between the copy of the indictment served upon appellant, and the indictment itself. No advantage was sought to be taken of this until the case was on trial, the indictment read and the plea of appellant entered. Manifestly such bill presents no error.

A bill of exceptions urging that the check before same was altered, by arrangement of its figures, would appear in one place to have been made out for ten cents, and after it had been altered would appear to have been made for

$9.10, does not seem to us to possess merit. The indictment set out the instrument in haec verba before its alteration and after same was changed. Whether the check itself as offered in testimony showed that it was for ten cents and was altered so that it was for $9.10 or whether it was for $10.00 and was altered so as to be for $910.00, would seem to make no difference in the gravity of the offense or penalty affixed.

The bill of exceptions complaining of the rejection of the testimony of a character witness who said she had known the accused but a short time, and had not heard anybody discuss his reputation, and which fails to show that she knew other people who knew him, or that she knew his general reputation in the community, would not seem to present error.

Bill of exceptions No. 5 complaining of the argument of State's attorney does not present any facts showing how or in what manner said argument was improper. The rules in regard to bills of exception are well understood, and it is always held that the bill must contain sufficient facts to manifest the error complained of in order that this court be not compelled to search the statement of facts or the record otherwise to ascertain if the matter complained of in a bill of exceptions be sound.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that the Constitution of this state and its laws guarantee to him the service of a correct copy of the indictment returned against him, under certain conditions, and that the failure of the State to comply with this mandate of the law demands a reversal of the case, whether such failure was taken advantage of at the proper time or not. He cites Reville v. State, 218 S. W. Rep. 1044, and Venn v. State, 218 S. W. Rep. 1060, and other authorities. In Reville's case we merely affirmed the proposition that the court's refusal to have a copy of the indictment served upon the accused before putting him to trial, after he had requested same, was cause for reversal. Substantially the same proposition is in Venn v. State, supra. In the latter case we said

that such service can in no way be dispensed with if the accused makes the demand. "It is a constitutionally guaranteed right upon which he can insist. That he may waive his right in this matter does not occur when he makes the demand, but if he makes a waiver it must be by himself." None of the authorities go to the extent of holding that where the accused has been served with a copy of the indictment in some way at variance with the indictment itself, and no demand or request is made for service of a correct copy before the trial begins, this would be cause for a new trial or reversal. In the instant case it is admitted that appellant had been served with a copy of the indictment before the trial. It is now insisted that after the trial had begun appellant discovered that the copy served upon him was at variance with the indictment and that when he discovered this, he objected to proceeding any further with the case. No authority known to us holds such procedure as above indicated would justify the trial court in stopping the trial or granting a new trial. We do not think same calls for a reversal of the case on our part.

The motion for rehearing will be overruled.

*Overruled.*