## GEORGE JOHNSON V. THE STATE.

No. 10468.   Delivered January 5, 1927.

**1.—Carrying Pistol—Evidence—No Election—Properly Received.**

Where, on a trial for carrying a pistol, the state presented proof of the carrying of a pistol by appellant on two different dates, and no request being made to require an election of one date, and both being within the statute of limitation, no error is presented.

**2.—Same—Argument of Counsel—As Presented—No Error Shown.**

Where, on a trial for carrying a pistol, the county attorney in his argument to the jury said that appellant had plead guilty in the justice court for rudely displaying a pistol at the time he had the difficulty with the complaining witness, and appellant's bill does not show that the fact stated was not in evidence, no error is presented.

**3.—Same—Bill of Exception—Incomplete—No Error Presented.**

Where a bill of exception complains that state's counsel brought in issue the general reputation of defendant as to whether he was a good and law-abiding citizen, but does not show in what way it was done, whether by evidence adduced, or in his argument, such bill is incomplete, and presents no error.

Appeal from the County Court of Fort Bend County. Tried below before the Hon. W. I. McFarlane, Judge.

Appeal from a conviction for carrying a pistol, penalty ·a fine of $150 and sixty days in the county jail.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Conviction in County Court of Fort Bend County of unlawfully carrying a pistol, punishment a fine of $150 and sixty days in the county jail.

There seems no question, according to state witnesses, that appellant was found on a public road in possession of a pistol.

Appellant complains of the introduction of testimony showing that at a date different from the one laid in the complaint, he was seen by a witness carrying a pistol. The state is not bound to prove the commission of the offense upon the date charged, but may make its proof relative to a different date if within the period of limitation. For aught we know from the bill of exceptions presenting this complaint, the state was relying for conviction upon proof of the possession by appellant of a pistol on the date of the carrying therein referred to. No request seems to have been made of the state for an election.

A bill of exceptions complains of the argument of the state's attorney wherein he said to the jury that appellant had plead guilty in the justice court for rudely displaying a pistol at the time he had the difficulty with the complaining witness. We have no· means of ascertaining from the bill of exceptions referred to how or in what manner the remark was improper. Appellant may have testified to this fact upon the trial, or it may have been shown by the testimony of some other witness.

By another bill of exceptions it is stated that during the trial the state's counsel brought in issue the general reputation of defendant as to whether he was a good and law-abiding citizen. We have carefully examined the bill but are unable to determine whether it is intended to state that this was done by the state, in argument or by some testimony. We observe that the objection· does not seem to be leveled at the introduction of any testimony, neither is there any language set out that was used by the state in the argument, nor was there any special charge

asked regarding the matter. We are unable to see any merit in this bill. There is a complaint because the jury in its verdict found the defendant "guilty." There is nothing in the complaint.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*