MYRLE PRICE V. STATE.

No. 24677. March 29, 1950.
Rehearing Denied May 24, 1950.

*Justice, Moore & Justice,* Athens, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Driving an automobile while intoxicated is the offense; the the punishment, a fine of $180.

The statement of facts accompaning this record does not appear to have been filed in the trial court. The state challenges our consideration of the statement of facts because of such fact.

The statement of facts, in order to be considered, must be filed in the trial court. Art. 760, C. C. P.; Martin v. State, 134 Tex. Cr. R. 117, 114 S. W. 2d 554; Harris v. State, 150 Tex. Cr. R. 38, 198 S. W. 2d 1020.

In the absence of a statement of facts, the bills of exception appearing in the record cannot be considered.

The judgment of the trial court is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

The record having been perfected by a showing of the proper filing of the statement of facts, we will proceed to discuss the matters found in the bills of exception.

Bill No. 1 relates to the fact that the trial court saw fit to ask certain questions of appellant while he was on the witness stand in his own behalf. From appellant's testimony, it appears that his plea of not guilty was based upon his claim that Richard Shinn and not the appellant was the driver of appellant's car at the time the officers claimed that appellant was driving the same. We gather from the question asked appellant by the court that appellant had previously moved for and had been granted a continuance for a period of sixty days for the purpose of taking the deposition of Richard Shinn, who was without the jurisdiction of the court. Richard Shinn was not present at this trial, nor was any depostion from him read. We think such testimony was admissible for what it might have been worth. It is worthy of note that appellant refused to answer the question of the court. See Harris v. State, 37 Tex. Cr. R. 411, 36 S. W. 88; Dolezal v. State, 80 Tex. Cr. R. 603, 191 S. W. 1158.

The second bill of exception complains because of certain remarks of the county attorney, wherein it appears therefrom that appellant's attorney had called attention to the fact that the state had such few witnesses in its behalf. The argument then made mention of the fact that a continuance was theretofore had for the purpose of taking the deposition of Richard Shinn. It appears from the bill that upon appellant's objection to such argument, the court directed the jury to disregard the same, and no written charge was requested.

Bill No. 3 also relates to the argument of the county attorney as follows:

"The evidence in this case proved that this case happened sometime around 11:00 o'clock. It happened here by a boy who is a prominent man in this town. The son of a prominent Doctor. I want you boys to remember what you are trying to do here is pass a sentence in this case."

We think the argument relative to appellant's prominence in the town could have been based on his conduct, as well as the cloud of witnesses with which he had surrounded himself. The mere mention of appellant being the son of a prominent doctor, it being testified to by appellant that he was the son of Dr. D. Price and that appellant was called "Doc." Price, is not regarded as of sufficient importance to say that it had any effect upon a jury that was trying appellant for a drunken driving accusation. It is not every conceivable error that demands a reversal therefor. In this instance, this bill is insufficient to present error for the reason that the same fails to show that the argument complained of was not based upon the facts in evidence. Such is stated as a ground of objection, but not authenticated as a matter of fact. We do not think the bill shows that these remarks were improper. See Roberts v. State, 78 Tex. Cr. R. 317, 180 S. W. 1079; McCall v. State, 113 Tex. Cr. R. 62, 18 S. W. (2d) 172; Johnson v. State, 105 Tex. Cr. R. 501, 289 S. W. 1008; Pombo v. State, 102 Tex. Cr. R. 599, 279 S. W. 263; Crouchett v. State, 99 Tex. Cr. R. 572, 271 S. W. 99.

Finding no error in the record, the motion for a rehearing will be overruled.