## D. K. HICKMAN v. THE STATE.

### No. 2670.    Decided October 22, 1913.

**1.—Carrying Pistol—Evidence.**

Upon trial of unlawfully carrying a pistol, there was no reversible error in admitting evidence that defendant fired the pistol at a mark, the jury having assessed the minimum punishment.

**2.—Same—Traveler—Requested Charge.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that defendant while carrying the pistol was going to see his customers, who were living within trading distance of his store, this would not constitute him a traveler within the meaning of our Code, and there was no error in refusing defendant's requested charge.

Appeal from the County Court of Roberts.    Tried below before the Hon. J. E. Kinney.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*J. C. Dial,* for appellant.—On question of admitting evidence of firing pistol: Campbell v. State, 55 Texas Crim. Rep., 277, 116 S. W. Rep., 581; Hinson v. State, 51 Texas Crim. Rep., 102, 100 S. W. Rep., 939; Alford v. State, 52 Texas Crim. Rep., 621, 108 S. W. Rep., 364.

On question of refusal of defendant's requested charge on traveler: Hunt v. State, 52 Texas Crim. Rep., 477, 107 S. W., Rep., 842; Goodwin v. State, 55 Texas Crim. Rep., 179, 115 S. W. Rep., 1184; Campbell v. State, 58 Texas Crim. Rep., 349, 125 S. W. Rep., 893.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of the offense of carrying a pistol, and his punishment assessed at a fine of $100.

Appellant contends that the court committed material error in permitting the State's witness to testify, in addition to testifying to the fact that appellant had a pistol, that he took out the pistol and fired same at a mark. The objection made was that defendant was not charged with rudely displaying a pistol, and the evidence was calculated to inflame the minds of the jury. As the record discloses that the jury gave appellant the minimum punishment, this bill presents no error.

The only other ground in the motion complains of the action of the court in refusing to give two special charges requested. The first requested a peremptory instruction of not guilty, and the other charge not given is that if appellant had begun his journey from Miami to Mobeetie to find him not guilty. The record discloses that appellant was a merchant at Miami, and he says, "I went out that day to see some of the people who were owing me at that time, to try and see if we could not make some kind of a settlement of their accounts." It is thus disclosed

that appellant was going to see his customers, who lived within trading distances of Miami, and if this is true, this would not constitute him a traveler within the meaning of our Code.

The judgment is affirmed.

*Affirmed.*