PAUL GEORGE V. THE STATE.

No. 6356. Decided October 19, 1921.

**Carrying Pistol—Traveler—Sufficiency of the Evidency.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that defendant, while carrying a pistol, traveled from Taylor to Austin. Texas, about 40 miles apart, and that it took about two hours each way to make the trip, there was no reversible error in the court's holding that defendant was not a traveler under the facts; and the the evidence being otherwise sufficient the conviction is sustained.

· Appeal from the County Court of Williamson. Tried below before the Honorable F. D. Love.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*W. C. Wofford,* and *Luke Mankin,* for appellant.—On question of traveller. Cases cited in opinion.

*R. H. Hamilton,* Assistant Attorney General, and *Dan Mooney,* County Attorney, for the State.—Cited: Sanders v. State, 20 S. W. Rep., 556, and cases cited in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Williamson County of the offense of carrying on or about his person a certain pistol, and his punishment fixed at a fine of $100.

The case was tried before the court without the intervention of a jury. But two questions are raised. Did appellant have the pistol on or about his person? Was he a traveller? The State's testimony makes an affirmative answer to the first question. The constable testified that he went to appellant's home to serve some papers on him; he was not there, but the mother of appellant informed the officer that appellant told her he would be home about 5 or 6 o'clock that evening; so the officer waited and in a little while appellant drove up in a car. The officer further stated that he went to said automobile and "defendant got out of same with his overcoat, and he asked de-

fendant for his overcoat, and defendant handed same to him and that he searched said overcoat and found a pistol in the pocket of same."

Appellant testified that he left home that morning in a Ford touring car and before he left he put said pistol in his overcoat pocket and placed both the pistol and overcoat under the cushion of the rear seat of said car, drove to Austin and back that day without at any time touching or handling said pistol from the time he left home until his arrival at the time testified to by the constable. He said that when he reached home at the time in question the officer came out, looked under the front seat of the car and searched same; then looked under the rear seat, took said overcoat out and handed it to appellant's mother, then took it from her, searched it and found the pistol in question. There were the only two witnesses.. No reason appears why the mother of appellant was not used by him to corroborate and substantiate his testimony if true, and we think the officer's testimony clearly makes out a violation of the law. The trial jury or court is vested with the matter of reconciling conflicts in the testimony, or accepting such as they believe true and rejecting the other, and unless it appear that the verdict is manifestly unsupported by the evidence it is our duty to uphold same. In the Sanders case, 20 S. W. Rep., 556, this court through Judge Davidson said:

"The State made out a *prima-facie* case of guilt against the defendant, and, in order to avoid the conviction, it devolved upon him to establish facts or circumstances to excuse or justify the prohibited act. While the question of intent or honesty of purpose, in a proper case, may excuse or justify carrying a pistol, yet such matters cannot be simulated for the purpose of evading or violating the law. Stilly v. State, 27 Texas App., 445, 11 S. W. Rep., 458; Impson v. State, 19 S. W. Rep., 677. 'If the defense is an honest one, and supported by the facts, and there is no evidence tending to impeach it, the jury should acquit, and under such circumstances, if a conviction be secured, it should not be permitted to stand.' Impson v. State, 19 S. W. Rep., 677. On the contrary, if such is not the case, and the defense is not an honest one, or the facts impeach it, or tend to do so, and the jury convict, this court will not disturb the conviction. To our minds the testimony fully sustains the conviction, wherefore the judgment is affirmed. Judges all present and concurring."

The officer and appellant squarely contradict each other as to whether appellant had the overcoat when he got out of the car. Appellant had it in his power to have shown by his mother that the officer was wrong. He did not choose to do so, or show any reason why he did not.

Was appellant a traveller? The trial court concluded that he was not. This question is one of fact for the trial court or jury, as the case may be. Impson v. State, 19 S. W. Rep., 677; Shelton v. State, 27 Texas Crim. App., 443; Williams v. State, 74 Texas Crim. Rep.,

639, 169 S. W. Rep., 1154; Witt v. State, 89 Texas Crim. Rep., 368, 231 S. W. Rep., 395. We are aware that the decisions of this State are in a condition of hopeless confusion as to when a man is or is not a traveller, the earlier cases tending in the direction of greater, and those of later years, of less latitude of construction. We have examined all the authorities cited by appellant and many others, and have found no case holding in substance that a man who goes a distance which can be covered in two hours, in the broad daylight, along a road where he was probably never out of sight of a number of houses, is held to be a traveller. We have found no case where a man is held a traveller whose absence was for less than a day. Many of the earlier decisions are based on journeys comparatively short in distance but necessarily consuming some time by reason of the less expeditious modes of travel. Some cases hold that going from one county to another would make one a traveller, but later cases demonstrate the fallacy of such holding. Still other cases appear in which this court, as a matter of law, attempts to say when one is and when one is not a traveller, and it is earnestly urged by Judge Henderson in the Bain case, 38 Texas Crim. Rep., 635, that the Legislature should make a statutory definition of the term under discussion.

In the instant case appellant claimed that when he left home in the morning he intended going to Austin and there getting some woman and going on to San Antonio, returning the next day. The distance he intended to go is not stated in the record. Appellant's friend, whose statement appears in the record as having seen him in Austin and gone with him to various places in search of two women, says nothing about any intent or plan to go to San Antonio. Appellant's mother told the officer who went to the house looking for him, that he told her he would be home at 5 or 6 o'clock that evening. From the statement of facts it appears that Austin and Taylor are about forty miles apart, and that it took about two hours each way to make the trip. The trial court held appellant not a traveller under the facts, and we are unwilling to hold that this conclusion was without support, and that one who only went a two hours drive was a traveller. We do not believe one going with a crowd on an excursion, and coming back the same day, though going a greater distance than did appellant, could buckle on a pistol, and hide himself from prosecution by claiming he was a traveller as a matter of law. *"Tempora Mutantur et nos mutamur."* A man going in an ox wagon twenty miles and having to camp out at night, may have been held a traveler in times past, but it would certainly license pistol carrying with all its train of evils to hold in these days of swiftly moving automobiles which throng every road and carry their passengers the distance last mentioned, if desired, in a half hour, that persons are to be held travellers as a matter of law on authority of such precedents. We do not believe that appellant had discharged the burden fixed on him by all of our courts,

of showing himself to be a traveller, and so believing the judgment will be affirmed.

*Affirmed.*