## J. L. WORTHAM v. THE STATE.

No. 7756.　Decided May 30, 1923.

Rehearing Granted June 20, 1923.

**1.—Carrying a Pistol—Bills of Exception.**

Where the bills of exception were filed after the expiration of the order extending such time. they cannot be considered on appeal. However, where the transcript was properly corrected in reference to the filing of said bills of exception, the cause is heard upon its merits.

**2.—Same—Traveller—Charge of Court.**

Ordinarily one who merely goes from a definite point in one county to a definite point in an adjoining county a few miles away, which can be accomplished in an hour or so, is not a traveller under the pistol carrying law, and there was no error in refusing the requested charges thereon.

**3.—Same—Other Offenses—Evidence—Requested Charge.**

Where, upon trial of unlawfully carrying a pistol, testimony was admitted in evidence of the fact that in the car occupied by defendant and his party, at the time he was seen with the pistol, was found a large quantity of whisky, thus showing the commission of a felony which was not necessary in order to develop the res gestae in the instant case, and the same is reversible error.

**4.—Same—Requested Charge—Theory of Defense.**

Where, upon trial of unlawfully carrying a pistol, the defendant testified that the automobile in which he was traveling and the pistol therein both belonged to another, and that he had nothing to do with either, that he

did not know that the pistol was in the automobile and that he wâs simply driving the car because the other party could not drive it, and requested the court to submit a charge on this phase of the case, which was refused, the same is reversible error.

Appeal from the County Court of Navarro. Tried below before the Honorable A. P. Mays.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.00.

The opinion states the case.

*Gibson & Lovett,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Navarro County for carrying on and about his person a pistôl, and his punishment fixed at a fine of $100.

Our Assistant Attorney General moves to strike out appellant's bills of exception for the reason that the time originally granted in which to file same expired prior to the entry of an order extending the time for such filing. The order extending such time would, therefore, be without authority and the bills of exception appearing to have been filed after the expiration of the time, cannot be considered by us. Griffin v. State, 59 Texas Crim. Rep. 424; Sanders v. State, 60 Texas Crim. Rep. 34; Palmer v. State, 92 Texas Crim. Rep., 640, 245 S. W. Rep. 238; Harr v. State, No. 7199, opinion handed down May 23, 1923.

The only question remaining is the sufficiency of the evidence to support the conviction. Appellant and his wife and some other parties were in a car, the said other parties being in the back seat and appellant and his wife in the front seat. A pistol was found in the front seat by officers who searched the car. It was handed to them my appellant. This would seem to justify the conclusion that the pistol was then in the possession of and being carried by appellant. The only justification offered for such action was upon the theory that appellant was going from a place in Freestone county to another point in Navarro county about thirty-five miles distant and that consequently he was a traveler. This question was discussed and settled adversely to the contention of appellant in the case of George v. State, 90 Texas Crim. Rep., 179, 237 S. W. Rep., 87, to which reference is made for a review of the authorities.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

### June 20, 1923.

LATTIMORE, JUDGE.—In support of his motion for rehearing and in connection therewith appellant files a corrected transcript of

the orders of the trial court in extending the time for filing bills of exception and statement of facts, properly certified to by the clerk of the trial court. Therefrom it is made to appear that two errors in the dates of such orders were here presented in the original transcript. Such carelessness on the part of officials is inexcusable. It is now shown that the order extending the time for filing statement of facts and bills of exception which appeared in the original transcript as of January 30th, should have been January 20th, and that the extension appearing in the original transcript as February 17th, should be February 15th. Had the original transcript shown that an order was made by the trial court on January 20th extending the time for filing such documents, we would not have held them file' too late but would have considered them. Accepting the correctness of the transcript now filed and certified to, we consider the bills of exception.

We do not think the charges of the court relating to the question of appellant being a traveler, present any merit. Of course one who sets out upon a bona fide journey of such length as to entitle him to be called a traveler, occupies that attitude toward the law forbidding the carrying of a pistol from the inception of his journey, but as decided by us in the case of George v. State, referred to in the original opinion, ordinarily one who merely goes from a definite point in one county to a definite point in an adjoining county a few miles way, which generally can be accomplished in an hour or an hour and a half, is not entitled to the protection accorded to a traveler under the pistol carrying law. This being true, the refusal of the special charges of the appellant presenting phases of this defense would not be error.

There seems in our minds no question of the fact that it was error for the learned trial judge to admit in evidence the fact that in the car occupied by appellant and his party was found a large quantity of whisky. It is stated by the court in qualifying the bill of exceptions complaining of this, that it was admitted to rebut the claim of appellant that he was a traveler. We are unable to perceive how the proposition of having in his car a quantity of liquor could properly affect the question as to whether one was a traveler or not. Such possession under our statute is a felony, and this record presents the proposition that one on trial for carrying a pistol has introduced against him the commission of a felony which proof was not necessary in order to develop the res gestae or to show whether or not he was guilty of carrying a pistol.

There is a bill of exceptions complaining of the refusal of the following special charge:

" Gentlemen of the Jury: As a part of the law of this case you are instructed that even if you should believe from the evidence that about the time that the defendant was arrested he was in an automobile belonging to one Demming, and that in said automobile there

was a pistol which belonged to said Demming, yet under such facts and circumstances if the defendant merely knew that said pistol was in said automobile and did not at any time assume control over the same or possession of the same, you cannot convict him in this case."

The trial court refused to give said charge in form as above set out, save in case the appellant would agree to add thereto the following: "Unless you believe the defendant was acting with Demming in having the pistol in his possession, if he did." The appellant testified that the automobile and pistol both belonged to E. Demming and that he had nothing to do with either the automobile or the pistol; that he never had the pistol about his person and did not know that it was in the automobile. He further testified that on the occasion mentioned he was driving the car at the request of Mr. Demming who could not drive same. We find nothing in the record justifying the learned trial judge in refusing to give the special charge asked. If the pistol in fact belonged to Demming and appellant at no time had possession of same, or assumed control over it, he would not be guilty of a violation of the law. This special charge attempted to present practically the only defense aside from that of being a traveler, which was asserted by appellant, and in our opinion its refusal with the error of the admission of testimony above referred to necessitates a reversal of the case.

The motion for rehearing is granted, the affirmance set aside, and the judgment now reversed and the cause remanded.

*Reversed and remanded.*