**Martin Wayne MATOCHA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–93–00119–CR.

Court of Appeals of Texas, Texarkana.

Submitted Sept. 9, 1994.

Decided Nov. 21, 1994.

Opinion Overruling Motion for Rehearing Dec. 22, 1994.

Paul Mewis, Houston, for appellant.

Timothy G. Taft, Asst. Dist. Atty., Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

GRANT, Justice.

Martin Wayne Matocha appeals from his conviction for the offense of unlawfully carrying a weapon. After a trial by jury, he was found guilty and the jury assessed his punishment at a $750 fine and one year's confinement, probated. Matocha raises a single point of error in which he contends that the trial court erred by refusing to submit his requested instruction on the defensive theory of traveling. This defense is governed by TEX. PENAL CODE ANN. § 46.03[1], which states: "The provisions of Section 46.02 of this code do not apply to a person ... (3) traveling...." TEX. PENAL CODE ANN. § 46.02[2] provides that a person commits an offense if he carries a handgun on or about his person.

■ The term traveling is not defined by statute. The question of whether a defendant is a traveler is one of fact for the trial court or jury, as the case may be. *Smith v. State,* 630 S.W.2d 948, 950 (Tex.Crim.App. 1982).

■ The testimony reveals that Matocha was in the midst of a trip of some 300 miles as part of his job as a repairman employed by Digital Equipment Corporation. He had already driven forty-six miles as part of his day's repair activities and was en route to another city at the time that he was stopped and arrested for speeding. During the search subsequent to his arrest on that offense, the pistol was recovered. Although he did not have the opportunity to complete his day's journey, it appears from the record that he would have driven over 300 miles. He also testified that, depending upon the length of time necessary to effect repairs at his last job site, he might have been required to remain overnight, that he traveled alone, and that he had equipment valued at over $10,000 in the van. He also testified that he did not always carry a pistol when making service calls, but that he did so on this occasion because he was scheduled to travel through a high crime area.

Counsel requested a charge on the defense of traveling. The prosecutor objected to this request, relying upon *Vogt v. State,* 159 Tex. Crim. 211, 258 S.W.2d 795 (1953). In that case, the Court of Criminal Appeals recognized that the exception is often applied to trips that are overnight. The court did not, however, restrict the application of the defense solely to those situations. As noted in *Ayesh v. State,* 734 S.W.2d 106, 108 (Tex. App.—Austin 1987, no pet.), this is a fact-driven determination that is not dependent upon any one particular situation. For example, it has been applied to those in the process of moving from one home to another. *Johnson v. State,* 571 S.W.2d 170, 173 (Tex. Crim.App. [Panel Op.] 1978).

Matocha correctly points out that the cases relied on by the trial court in denying the instruction were situations in which the trial court had acted as the finder of fact and the reviewing court had held that a trip to San Antonio to a location less than forty miles away and returning did not show that the parties were traveling within the meaning of the statute. The court also called attention to its previous decision in *George v. State,* 90 Tex.Crim. 179, 234 S.W. 87 (1921), in which it had stated that the court was aware of no case where an individual was held to be a traveler who had been absent for less than a day. These opinions do not require that an

---

**1.** Amended by Act of May 29, 1993, 73rd Leg., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3686–87, current version found at TEX. PENAL CODE ANN. § 46.02 (Vernon 1994).

**2.** Amended by Act of May 29, 1993, 73rd Leg., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3686–87.

overnight stay is necessary before the exception can apply.[3]

■ The question of whether the traveling exemption applies in the present case is a question of fact. It was raised by the evidence. The general proposition is that a defendant is entitled to an instruction on every defensive issue raised by the evidence. *Hayes v. State*, 728 S.W.2d 804, 807 (Tex. Crim.App.1987). This is true regardless of whether such evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may or may not think about its credibility. *Mullins v. State*, 767 S.W.2d 166, 168 (Tex.App.—Houston [1st Dist.] 1988, no pet.). The evidence which raises the issue may be either strong, weak, uncontradicted, unimpeached, or unbelievable. *Muniz v. State*, 851 S.W.2d 238, 254 (Tex.Crim.App.1993).

Counsel properly requested this defensive instruction. The trial court erred by failing to provide the instruction. In reviewing this error, we apply the standard set forth by *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1984). Since a timely objection was made, we must find reversible error unless this court can determine beyond a reasonable doubt that the error made no contribution to the conviction or the punishment. Tex.R.App.P. 81(b)(2). Because of the trial court's error the jury was never given an opportunity to pass on a defensive issue which was clearly raised by adequate evidence. We cannot conclude beyond a reasonable doubt that this error made no contribution to his conviction or to his punishment.

The judgment of the trial court is reversed, and this cause is remanded for a new trial.

## ON MOTION FOR REHEARING

On rehearing, the State urges that this Court had not addressed the common meaning of *traveler* and that our opinion might lead to an exception for certain unsavory occupations. The specific language that the State urges as a definition of the common meaning of *traveler* is one who "passes beyond the circle of his friends and immediate acquaintances, and is no longer within the routine of his daily business, or his ordinary habits, duties, or pleasures." This is an excerpt from 94 C.J.S. *Weapon* § 9(c)(2)(b) (1956). In reviewing the case citations from which this language is drawn, we note that none of the references are to Texas cases. The only reference to a Texas case in the body of this section of Corpus Juris Secundum was omitted by the State. It is a reference from the case of *Hickman v. State*, 71 Tex.Crim. 483, 160 S.W. 382 (1913). The language omitted was "so that he finds himself at a distance from his home or place of business."

The State contends that a route repairman making his daily rounds could not fit into the category of a traveler. As we have previously stated, whether the status of the traveler was established is a question of fact for the jury or fact finder. *Ayesh v. State*, 734 S.W.2d 106 (Tex.App.—Austin 1987, no pet.). The question before this Court is whether there was sufficient evidence to require the submission of an instruction to the jury.

The exception for a traveler has been in existence since the enactment of the first proscription on carrying of handguns under Tex. Penal Code art. 484 (1871). *Ayesh*, 734 S.W.2d at 108. The Legislature has never

---

**3.** The Practice Commentary to Tex. Penal Code Ann. § 46.03 states that:

> Subdivision (3) is derived directly from prior law without any clarification, and the traveler's exemption was one of the most enigmatic provisions of the prior weapons offense. The courts never defined "traveling" but in each case considered distance, time, and mode of travel. It was clear, however, that long automobile journeys that kept the actor away from home overnight constituted traveling [citation omitted]. Today of course, unlike in 1871 when carrying pistols was made an offense and traveling was made an exception, there are no longer roving bands of renegades molesting travelers.

Seth S. Searcy III & James R. Patterson, Practice Commentary, Tex. Penal Code Ann. § 46.03 (Vernon 1989).

As aptly noted by State's counsel, in the quarter century since the commentary was written, "it is arguable that our society has returned to 'those thrilling days of yesteryear' with roving bands of renegades once again molesting travelers. Indeed, the 'roving bands' are molesting all of us, including those who, within the apparent safety of their own homes, are gunned down by drive-by shooters."

seen fit to give a specific definition to the term *traveler*.

 The journey is not measured by how far the defendant may have come, but by the entire journey intended by the defendant, and the fact finder must determine the defendant's truthfulness in this testimony. There has been no hard and fast rule in Texas. The traveling exception has been applied to a journey from the home in excess of thirty-five miles[4] and in excess of forty miles.[5] The State has urged that the Court in *Vogt v. State*, 159 Tex.Crim. 211, 258 S.W.2d 795, 796, *cert. denied*, 346 U.S. 901, 74 S.Ct. 221, 98 L.Ed. 401 (1953), had held that an overnight stay was a prerequisite for qualifying under the traveler's exception. The Court does say in *Vogt* that "we were aware of no case where one was held to be a traveler whose absence was for less than a day." This does not, upon its face, require an overnight stay.

In the present case, Matocha testified that he had driven from Montgomery County to Harris County (twenty-two miles), then he drove twenty-four miles to Sheldon, Texas, then he was stopped on his way to La Porte, Texas, and charged with the pistol violation. He testified that his scheduled journey was then to travel from Sheldon, Texas, and to Huntsville, Texas, which required that he travel through Harris, Montgomery, and Walker Counties (approximately forty-six miles), then to Camden, Texas (approximately sixty-eight miles), passing through Harris, Trinity, and Polk Counties, and then back to his home in Montgomery County (seventy-two miles). He testified that his job sometimes required that he remain overnight, and there had been a possibility that he would have to remain overnight on his job at Camden. He further testified that during his total travel day, he spent seventy-five percent of his time travelling through nonpopulated areas.

 This testimony was sufficient to allow the jury to make the determination whether Matocha was a traveler. The Legislature has never seen fit to limit this exception to any certain type of business person, or for that matter, to even limit it to a person involved in business. Under the travel exemption, the purpose of travel is not relevant. *Evers v. State*, 576 S.W.2d 46 (Tex. Crim.App. [Panel Op.] 1978). Therefore, if a traveler, regardless of occupation, or lack thereof, offers evidence that would qualify him or her as a traveler on the occasion in question, and this evidence is believed by the fact finder, then he or she is entitled to this exception.

The motion for rehearing is overruled.

---

4. *Wortham v. State*, 95 Tex.Crim. 135, 252 S.W. 1063, 1064 (1923).

5. *George v. State*, 90 Tex.Crim. 179, 234 S.W. 87, 89 (1921).