COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

NUMBER 13-03-133-CR
 
BENJAMIN MADRIGALES,                                                 Appellant,
 
v.
 
THE STATE OF TEXAS,                                                    Appellee.
                                                                                                                      

NUMBER 13-03-134-CR

LINDA MAR MADRIGALES,                                                       Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      
On appeal from the County Court at Law No. 2 
of Cameron County, Texas.
                                                                                                                      
 
MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza
 
In this opinion, we address two separate appeals: one filed by Linda Madrigales
and another filed by her husband, Benjamin Madrigales. Appellant Linda Madrigales was
convicted of unlawfully carrying a weapon and was given a suspended sentence of three
months’ confinement in jail.


 Appellant Benjamin Madrigales was convicted of driving while
intoxicated and was given a suspended sentence of six months’ confinement in jail and
assessed a fine of $600.


 On appeal, both appellants raise a common issue: the trial court
erred in denying their respective motions to suppress because the mere weaving of an
automobile between lanes of traffic does not justify a traffic stop. According to appellants,
weaving or drifting between lanes of traffic is not a traffic offense unless it occurs in an
unsafe manner and, in this case, the State produced no evidence that the weaving of their
automobile, if any, was unsafe. Appellants argue that the officer who arrested them
therefore had no reasonable suspicion to justify the traffic stop that led to their arrests. 
Although appellants were convicted of different offenses, tried under different cause
numbers, and filed separate appeals, we decide their appeals in a single opinion so that
we may address the issue of whether the arresting officer had a reasonable suspicion to
detain them, which is the only issue raised by Ben Madrigales. In addition, we also
address Linda Madrigales’s second and final issue: the trial court committed reversible
error by failing to instruct the jury concerning the defense of traveling. We conclude that
the motions to suppress were properly denied and that Linda Madrigales was not entitled
to a jury instruction on the defense of traveling. The trial court’s judgment in both cases
is therefore affirmed. 
 
I. Motions to Suppress
A trial court’s ruling on a motion to suppress is reviewed for abuse of discretion. 
Zayas v. State, 972 S.W.2d 779, 786 (Tex. App.—Corpus Christi 1998, pet. ref’d). The
trial court abuses its discretion only if it acts arbitrarily and unreasonably, without reference
to any guiding rules or principles. Id. at 787. At a hearing on a motion to suppress, the trial
court is the sole judge of the credibility of the witnesses. Freeman v. State, 723 S.W.2d
727, 729 (Tex. Crim. App. 1986). On appeal, the evidence is viewed in the light most
favorable to the court’s ruling. Armendariz v. State, 123 S.W.3d 401, 402 n.1 (Tex. Crim.
App. 2003). Although we defer to the trial court’s findings of historical facts based on
credibility and demeanor, we review de novo a trial court’s determination of reasonable
suspicion and probable cause. Zayas, 972 S.W.2d at 787. 
The reasonableness of a driving-while-intoxicated investigative detention is
determined by the totality of the circumstances. See Woods v. State, 956 S.W.2d 33, 38
(Tex. Crim. App. 1997). An officer may temporarily stop and investigate a vehicle if the
officer has reasonable suspicion based on articulable facts that the detainee is connected
to unusual activity with some indication that the activity is related to crime. Bright v. State,
865 S.W.2d 135, 137 (Tex. App.—Corpus Christi 1993, pet. ref’d) (citing Stone v. State,
703 S.W.2d 652, 654 (Tex. Crim. App. 1986)).
After reviewing the record, we conclude that, before he stopped appellants’ vehicle,
the officer who detained and later arrested appellants had a reasonable suspicion that
appellant Ben Madrigales was driving while intoxicated. During the pretrial hearing on
appellants’ motions to suppress, Robert Trevino, the arresting officer, testified that at about
2 a.m. on the night of the arrest, he was in his police cruiser on Highway 100. He heard
a call over the police radio to be on the look out for a possible drunk driver heading
eastbound on Highway 100 in a white pick-up truck. The police dispatcher supplied the
truck’s license plate information and added that the report had been made by a concerned
citizen who had observed the truck weave between lanes of traffic. The concerned citizen
was following the pick-up truck into Officer Trevino’s jurisdiction and was using his cellular
phone to remain in contact with the police dispatcher. According to Officer Trevino, when
he heard the call over the radio there was very little traffic on the highway, but about fifteen
minutes later, he observed a white truck heading eastbound, which fit the description given
by the dispatcher. He pursued the truck and confirmed that its license plate information
matched the information he heard over the radio. As he followed the white truck, Officer
Trevino observed it weave between different lanes of traffic several times. He activated
his overhead sirens and initiated a traffic stop to investigate a possible DWI. This
detention ultimately led to the arrest of both appellants. 
We conclude that the foregoing testimony substantiates sufficient articulable facts
to demonstrate Officer Trevino’s reasonable suspicion that appellant Benjamin Madrigales
was committing a DWI in his presence. See, e.g., Townsend v. State, 813 S.W.2d 181,
185 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) (weaving back and forth across three
lanes at 2 a.m. is sufficient to raise a reasonable suspicion of driving while intoxicated). 
Appellants’ detention was therefore not unreasonable. 
Appellants argue to the contrary. They contend that a vehicle’s mere weaving
between lanes of traffic does not justify an investigative detention because it does not
constitute a traffic offense unless the movement is unsafe.


 Although we agree with
appellants that a vehicle’s movement between lanes of traffic is not an offense unless it
is unsafe, that proposition does not resolve the issue of whether the officer had a
reasonable suspicion of DWI based on the information supplied by the concerned citizen
and his own personal observations of appellants’ vehicle. 
Appellants cite five cases to establish the impropriety of the detention that occurred
in this case, but, notably, none of those cases involved any complaint by a concerned
citizen that a suspect was DWI.


 In each of the cases cited by appellants, a police officer
conducted a traffic stop based solely on his first-hand observations of the suspect’s
vehicle. In this case, a concerned citizen reported a drunk driver. The concerned citizen
was an off-duty police officer who gave the police very specific information describing the
suspect’s vehicle, its location, and its behavior. Thus, the officer in this case detained
appellants on more information than just his first-hand observations of their vehicle’s
weaving. 
Even more fundamentally, four of the five cases cited by appellants do not address
the legal issue presented by this case.


 In those cases, the officer initiated a traffic
stop—not to check for a possible DWI—but to address the suspect’s failure to maintain a
single lane of traffic. On appeal, each court held that because the suspect’s failure to
maintain a single lane was not unsafe, no offense had occurred, the officer had nothing to
investigate, and there was no basis to initiate a traffic stop. The detentions were therefore
unreasonable.



In contrast, in this case, the traffic stop was not made to investigate the vehicle’s
failure to maintain a single lane of traffic—it was initiated to investigate a possible DWI
offense. Therefore, the issue in this case is whether the officer had a reasonable suspicion
of DWI and not whether the officer had a reasonable suspicion of failure to maintain a
single lane of traffic. The four cases cited by appellant do not discuss whether the officer
had a reasonable suspicion of DWI. They are therefore inapposite. 
Although the fifth case cited by appellant does address an officer’s reasonable
suspicion of DWI, it is nevertheless unhelpful.


 In Hernandez, a police officer witnessed
the defendant’s vehicle slowly drift no more than two feet into a different lane of traffic
traveling in the same direction.


 The officer then initiated a traffic stop. The court held that
because the officer did not even subjectively suspect that the driver was DWI, but was
instead concerned for the driver’s well-being, he did not have a reasonable suspicion of
DWI. 
In this case, the officer observed different behavior than the officer in Hernandez: 
he witnessed the vehicle weave between lanes of traffic several times, whereas in
Hernandez, the vehicle left its lane only once. Furthermore, unlike the officer in
Hernandez, the officer in this case initiated the traffic stop for the specific purpose of
investigating a possible DWI that was reported by a concerned citizen and not to merely
check on the suspect’s “well-being.” For these reasons, we conclude that Hernandez does
not control the issue presented by this case. 
In sum, we reject appellants’ argument and hold that Officer Trevino’s actions in
detaining and investigating appellants for DWI were reasonable. The motions to suppress
were properly denied. 
II. Jury Instruction on Defense of Traveling
In her second issue, appellant Linda Madrigales argues that the trial court erred by
denying her request for a jury instruction on the defense of traveling. Generally, when
evidence from any source raises a defensive issue and the defendant properly requests
a jury charge on that issue, the trial court must submit the issue to the jury. Muniz v. State,
851 S.W.2d 238, 254 (Tex. Crim. App. 1993). The evidence that raises the issue may be
strong, weak, contradicted, uncontradicted, or even unbelievable. See id. When the
evidence fails, however, to raise a defensive issue, the trial court commits no error in
refusing a requested instruction. Id. We must uphold the trial court’s decision if it is
supported by any theory, regardless of the explicit reason given by the trial court. See
Robbins v. State, 88 S.W.3d 256, 262 (Tex. Crim. App. 2002). 
Traveling is a statutory defense to the offense of unlawfully carrying a firearm.


 
Although Texas courts have never explicitly defined traveling, they generally consider the
distance, time, and mode of travel in determining whether the travel defense is available. 
See Soderman v. State, 915 S.W.2d 605, 609 (Tex. App.—Houston [14th Dist.] 1996, pet.
ref'd, untimely filed). The traveling defense is not available to one who makes a journey
so short that it is “no real journey.” See Martinez Sanchez v. State, 122 S.W.3d 347 (Tex.
App.—Texarkana 2003, pet. ref’d). Thus, a person embarking on a day trip with travel
time of around two hours in each direction is not a traveler. See George v. State, 234 S.W.
87, 89 (Tex. Crim App. 1921); see also Wortham v. State, 252 S.W. 1063, 1064 (Tex.
1923) (if the two points of travel are within an hour and a half’s journey of each other, a
person is not a traveler).
At trial, appellant Benjamin Madrigales testified that when he and his wife were
stopped by the police, they were returning from a day of fishing at the beach. The trip from
his home in Mission, Texas to their destination at South Padre Island took approximately
two hours. Based on these facts, we conclude, as a matter of law, that appellants were
not travelers and that appellant Linda Madrigales was not entitled to a jury instruction on
the defense of traveling. See George, 234 S.W. at 89. 
III. Conclusion 
Having considered and overruled the issues raised in each appeal, we affirm the
trial court’s judgment in both cases                                                                                                                              _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Do not publish.
Tex.R.App.P. 47.2(b)
Opinion delivered and filed 
this the 26th day of August, 2004.