Syllabus.

No. 6233.

J. S. STILLY *v.* THE STATE.

| 27 | 445 |
| 133 | 304 |
| 34 | 102 |

1. CARRYING A PISTOL—"A PERSON TRAVELING" is a person exempt from the operation of the statute defining the offense of unlawfully carrying a pistol. It is shown in this case that the defendant, with his family in a wagon, left his home in the Indian Territory to go to B , in Cooke county, Texas, via G. in the same county; that he arrived at G. after night and stopped at a wagon yard, where he left his wagon and family, to go into town for the declared purpose of hiring a conveyance to continue his journey that night, but that he was arrested in a gambling room on that night with a pistol on his person. *Held*, that while en route from the Indian Territory, and while in the wagon yard in G., and while on the streets of G. to procure a conveyance, or for any other lawful purpose connected with his journey, he was "a person traveling" within the meaning of the statutory exception, but such exception can not be held to protect him while frequenting the gambling room.

2. SAME—PRACTICE—BURDEN OF PROOF.—When the State has established against the accused a *prima facie* case of guilt, it devolves upon the accused to establish the facts upon which he relies to excuse or justify the forbidden act.

3. SAME—CHARGE OF THE COURT.—A defense witness testified that, about a month before the alleged offense, the accused had a difficulty in the Indian Territory with one Phelps; that Phelps made an unsuccessful attempt to obtain a weapon with which to kill the accused, and afterwards told the witness that he, Phelps, was "going to Gainesville and fix himself, and that he and Jim Stilly never could live in the same country," which threat the witness communicated to the accused. Upon this proof the defense requested the following charge: "The law authorizes an individual to carry on his person a pistol, who has a reasonable ground for fearing an unlawful attack upon his person, and the danger is so imminent and threatening as not to admit of the arrest of the party about to make such attack, upon legal process. To justify such apprehension, it is not necessary that the danger should in fact exist, or that the person threatening should be present, or in view of the defendant at the time of carrying the pistol, but it is only necessary that the facts and circumstances should be of such a nature as to excite a reasonable apprehension of danger so imminent and threatening as not to admit of the arrest of the party threatening an attack." *Held* that the danger contemplated by the statute was not proved, and the instruction was properly refused.

APPEAL from the County Court of Cooke. Tried below before the Hon. J. E. Hayworth, County Judge.

The opinion discloses the case.

The penalty assessed against the appellant was a fine of twenty-five dollars and confinement in the county jail for twenty days.

*Mathis & Lewis*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. This conviction is for unlawfully carrying a pistol upon the person. It is claimed by the defendant that the conviction is wrong for two reasons: first, that at the time he carried the pistol he was a "person traveling," and, second, that he had reasonable ground for fearing an unlawful attack upon his person, etc.

A "person traveling" may lawfully carry upon his person a pistol or other weapon. (Penal Code, art. 319.) In this case the evidence shows that the defendant, accompanied by his wife and child, left his residence in the Indian Territory to go to Bloomfield, in Cooke county, a distance of fifty miles, to the home of defendant's wife's parents. They traveled in a wagon. Two other persons went with them in the wagon, who intended to and did stop at Gainesville, which place was on the route to Bloomfield. They reached Gainesville at night and stopped at a wagon yard. Defendant left his wife, child and companions at the wagon yard, saying that he would go into town and try and hire a hack to take his wife and child on to Bloomfield that night, as the team which had brought them to Gainesville was fatigued and he did not wish to drive it further that night. He was shortly afterwards arrested in a gambling house, while he was sitting at a table with other persons, and a pistol was found upon his person.

We are clearly of the opinion, while he was making the journey from his home to Gainesville, and while he was at the wagon yard where he had stopped, he was a "person traveling" within the meaning of the statute, and did not violate the law in carrying a pistol upon his person during said time. We are also of the opinion that he might lawfully have carried the pistol upon his person in the town of Gainesville during a temporary cessation of his journey, and for a legitimate purpose, such as to procure a conveyance, or provisions, or to transact other business connected with the prosecution of his journey. But beyond this we do not think the law intends to protect him.

It would be an unreasonable interpretation of the intent of the law to hold that a person traveling might stop in a town or city, and idly stroll through its streets and visit its gambling dens and saloons and public places, armed with a pistol. The practical result of such an interpretation of the statute would cause our cities and towns to be infested with armed men, while the citizens of such places would be prohibited from carrying arms to protect themselves from these privileged characters. We are of the opinion, therefore, that the evidence does not show that the defendant, at the time he was found in the gambling house, with the the pistol upon him, was a "person traveling" within the meaning of the statute. He was not then traveling. He was not engaged in any business connected with his journey. If he was so engaged it devolved upon him to show it, which he failed to do. His having the pistol upon his person at the time, place, and under the circumstances proved, made a *prima facie* case of guilt against him, and it devolved upon him to establish the facts or circumstances on which he relied to excuse or justify the prohibited act. (Penal Code, art. 51.)

As to the other defense claimed by the defendant, the evidence does not establish it. No such danger existed as is contemplated by the statute, and the court did not err in refusing the special instructions requested by the defendant.

We are of the opinion that there is no error in the conviction, and it is affirmed.

*Affirmed.*