GEORGE BAIN v. THE STATE.

No. 1467. Decided February 23, 1898.

1. Carrying Pistol—Defendant as Witness—Cross-examination and Impeachment.

On a trial for unlawfully carrying a pistol, where defendant becomes a witness in his own behalf, it is not competent for the State to ask him if it is not a fact that he has been charged, in a number of instances, with a like offense. The fact that a man unlawfully carries a pistol can not affect to bar his credibility as a witness.

2. Same—Traveler.

On a prosecution for unlawfully carrying a pistol, where it apepeared that defendant lived in M. County, thirty-five miles on a direct line to the point of destination, where he arrived at 1 o'clock, remained over night, and returned home next day, Held, he was evidently a traveler.

3. Same—Suggestion to Legislature to Define the Statutory Word "Traveler."

In view of the fact that the decisions as to what constitutes a traveler are not harmonious, and the further fact that to give the word a liberal construction or definition would, in a great measure, tend to defeat the purpose of the law against carrying a pistol, it is suggested that the Legislature define what is meant by the word "traveler."

APPEAL from the County Court of Motley. Tried below before Hon. A. R. ANDERSON, County Judge.

Appeal from a conviction for unlawfully carrying a pistol; penalty, a fine of $35.

The opinion states the case.

*W. M. Smith,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of carrying a pistol, and his punishment assessed at a fine of $35; hence this appeal.

Upon the trial, the defendant being on the stand as a witness in his own behalf, the State asked him "if it is not a fact that you have been heretofore charged, in a number of instances, in this county, with like offense?" to which he replied, "I have been charged before with like offenses; I don't know how many times." This evidence was clearly inadmissible. The fact that a man unlawfully carries a pistol is no bar upon his credibility as a witness. The lowest penalty attached to this offense is a fine of $25. The jury assessed a fine of $35. This illegal testimony may have caused this result. The defense was that appellant was a traveler. It appears from the record that he lived in Motley County, about thirty-five miles on a direct line from Childress, the point of his destination, and in going to which place on this journey he passed through portions of several counties. He arrived at Childress about 1 o'clock in the day, and remained over night, returning home the next day. Unquestionably, this raised the issue whether or not he was a

traveler at the time he was charged with carrying the pistol. The illegal evidence may have induced the jury, notwithstanding they might have believed he was a traveler, to find against him because of his habit of carrying pistols.

Under the circumstances of this case, we believe the defendant had a good defense. He was evidently a traveler. We are aware that the decisions upon this point are not harmonious. See Darby v. State, 23 Texas Crim. App., 407; Price v. State, 34 Texas Crim. Rep., 102; Stanfield v. State (Texas Crim. App.), 34 S. W. Rep., 116; Eubanks v. State (Texas Crim. App.), 40 S. W. Rep., 973; Stay-place." See Cent. Dict.; Webst. Dict. By this term, construed under the statute, who is a traveler. The statute uses the term "traveler," and exempts all such from liability or punishment for carrying a pistol. The general definition of a "traveler," in the dictionaries, is "one who travels in any way; one who makes a journey, or who goes from place to place." See Cent. Dict.; Webst. Dict. By this term, construed under its ordinary meaning, almost anyone who goes from place to place would be exempt from the operation of the law. We do not understand, however, that it was the object of the lawmakers to place this liberal construction on the statute by the use of this term. Article 9, Penal Code 1895, requires: "All offenses shall be plainly defined, and the import of the language shall be construed without regard to the distinction usually made between the construction of penal laws and laws upon other subjects, and no person shall be punished for an offense which is not made penal by the plain import of the words." Article 25, Code Criminal Procedure, 1895, provides: "The provisions of this code shall be liberally construed so as to attain the objects intended by the Legislature, the prevention and suppression and punishment of crime." If the liberal definition is given to the word "traveler," almost every person who goes from one place to another may be considered a traveler. If a statutory interpretation or construction is enforced, it is difficult, under the definition, to determine who is a traveler. We would suggest, in this state of uncertainty, that the Legislature define what is meant by a "traveler." For the error above pointed out, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*