ALBERT NAVARRO v. THE STATE.

No. 3402.    Decided October 10, 1906.

**Carrying Pistol—Charge of Court—Traveler—Pursuit of Journey.**

Where upon trial for unlawfully carrying a pistol the evidence showed that the defendant stopped on his journey and went to a neighboring house, began drinking whisky, entered on a carousal and raised a difficulty, the court correctly charged the jury that defendant was only protected as a traveler as long as he was engaged in the pursuit of his journey, or some business connected therewith.

Appeal from the County Court of Red River. Tried below before the Hon. J. R. Kennedy.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $25.

The opinion states the case.

*W. W. Johnson,* for appellant.—McDaniel v. State, 26 S. W. Rep., 724; Hardy v. State, 40 S. W. Rep., 299; Stayton v. State, id.; Burst v. State, 89 Ind., 133.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of unlawfully carrying a pistol, and his punishment fixed at a fine of $25.

Appellant contends that the court committed a material error in instructing the jury as follows: After charging the statute, the court proceeds: * * * "The foregoing statute does not apply to persons traveling as long as they continue their journey and are engaged in business connected with their journey. The word traveler is used. in its ordinary sense. But this exemption does not apply to travelers who stop in their journey and engage in business or pleasure not con-

nected with their journey. If you believe from the evidence, beyond a reasonable doubt that the defendant had on his person a pistol as charged but you should further believe from the evidence, or have a reasonable doubt of same, that at the time he so had said pistol, that he was a traveler pursuing his journey and engaged in business connected with the same, then you will acquit the defendant under first count. If you believe from the evidence beyond a reasonable doubt that the defendant had on his person a pistol as charged, but that at the time he so had said pistol, he was a traveler, but should you further believe beyond a reasonable doubt that at said time, he was not in pursuit of his journey or engaged in business connected with his journey, then you will find the defendant guilty, and assess his punishment, etc." It occurs to us that said charge taken as a whole is not a charge on the weight of evidence; but in general terms defines a traveler, and in accordance with the decisions of this court informed the jury that appellant was only protected as a traveler as long as he was engaged in the pursuit of his journey, or some business connected therewith. If he was not so engaged he was amenable to the statute. We believe that the case as shown by the facts authorized the jury to believe that appellant was not a traveler at the time he was found carrying a pistol. Concede there is no question that he was a traveler when he came to the ferry going to the territory, he ceased to be such when he found that he could not cross, and then went to a neighboring house and began drinking whisky and entered on a carousal; and, according to the testimony of the State, raised a difficulty with some one at the house. As a traveler he was protected while going to the ferry, and was protected in carrying the pistol on his return home; but when he stopped, turned aside and began drinking whisky with other people and carousing, he was not in pursuit of his journey and engaged in business connected therewith; and consequently was not protected by the exception in favor of travelers. The judgment is affirmed.

*Affirmed.*