FLIDIO CORDOVA v. THE STATE.

No. 3568.   Decided October 17, 1906.

1.—Unlawfully Carrying Pistol—Carrying Pistol Home—Charge of Court.

Upon a trial for unlawfully carrying a pistol where there was evidence that defendant got the pistol expecting to carry it home, but walked around to various places and went into a public gathering with it, the court correctly charged that defendant would have the right to carry his pistol home, but it was his duty to proceed home with it in a reasonable time, and upon the commonly pursued route; and he did not have the right to make unnecessary departure from his direct route or to visit places with his pistol, which in the exercise of his right to carry his pistol home, it was not necessary to visit.

2.—Same—Charge Refused—Presumption of Knowledge of the Law.

Upon trial for carrying a pistol unlawfully, there was no error in refusing a special charge that if defendant had no intention of violating the law, to acquit him. Defendant was presumed to know the law.

Appeal from the County Court of Nacodoges.   Tried below before Robert Berger.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief for appellant.

J. E. *Yantis*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of unlawfully carrying a pistol and fined $100. The facts show in substance that appellant had a pistol and walked around to various places in the town of Nacogdoches, and finally went into a hall where a public gathering was being held; and on the way out of it became involved in a difficulty with a person who struck appellant over the head and knocked him down. There is evidence also to the effect that appellant had reasonable grounds for fearing an unlawful attack upon his person, and that the danger was so imminent and threatening as not to admit of the arrest of the party about to make such attack. This phase of the law was given in charge to the jury by the court. Appellant also testified that he got the pistol expecting to carry it home, but went to various places in the town, in directions other than towards his home. Upon this phase of the case the court charged the jury, as follows: "While defendant would have the right to carry his pistol home, it would be his duty, while he carried the pistol to proceed home with it in a reasonable time, and upon the commonly pursued route; and he would not have the right to make unnecessary departure from his direct route, or to visit places with his pistol not necessary to be visited in the exercise of the right that the law gives him to carry his pistol home." This charge is correct. Zollicoffer v. State, 43 S. W. Rep., 992.

Vol. 50 Crim.—23.

Appellant's special charge number 1, in substance, asked the court to charge the jury that if appellant had no intention on his part of violating the law, to acquit him. There was no error in refusing this charge. Appellant is presumed to know the law. The second special charge is upon the weight of the evidence, and the court properly refused the same. No error appearing, the judgment is affirmed.

*Affirmed.*