## EFFIE VINE v. THE STATE.

### No. 2662. Decided October 22, 1913.

**Carrying Pistol—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that the defendant did not return to his home on a direct route in carrying the pistol, but that he went out of the way and fired it, there was no error in the court's failure to submit this defense.

Appeal from the County Court of Fannin. Tried below before the Hon. Rosser Thomas.

Appeal from a conviction of unlawfully carrying a pistol; penalty, thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of the offense of unlawfully carrying a pistol.

The evidence would show that appellant had ordered a pistol, and delivered it to George Brigham, who had carried it to his (Brigham's) house. On the night for which appellant was prosecuted for carrying the pistol, he called at the home of Brigham and got the pistol. His home was about one-half or three-quarters of a mile northeast from Brigham's residence. When he got the pistol he did not go directly home, but went to the schoolhouse and attended a speaking, and on his way home from the speaking shot the pistol. The evidence further shows that there was a direct route from Brigham's to appellant's home; it further shows that if he went the way he did a half mile he came to another road going to his home, but he did not take this road, but went another mile to the schoolhouse, and in returning home he was compelled to retrace his steps the full length of this mile. Under such circumstances we think the court's charge as given fairly presented the issues as raised, and it was not necessary nor proper to give the special charges requested. Zollicoffer v. State, 43 S. W. Rep., 992; Cordova v. State, 97 S. W. Rep., 87.

The judgment is affirmed.

*Affirmed.*