## M. A. KEMP v. THE STATE.

No. 13590.   Delivered October 8, 1930.
Reported in 31 S. W. (2d) 652.

The opinion states the case.

*Callaway & Callaway* of Brownwood, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully carrying a pistol is the offense; penalty, a fine of one hundred dollars.

No conflict appears in the evidence. The appellant and his companion Dikes were arrested while in the town of Winters in Runnels County. They were sitting in an automobile, and in the appellant's pocket was an automatic pistol. He resided with his mother and his family, consisting of his wife and two children, in Comanche in Comanche County, which was some 120 miles distant from Winters in Runnels County. The two points were connected by a good road. The appellant went to Winters for the purpose of taking his mother to her home in Comanche. She was visiting a kinsman who lived on a ranch in Runnels County, some distance from Winters. In passing through Coleman the appellant picked up his friend Dikes. They reached Winters about nightfall and registered at a hotel. Without going to their room or unloading their baggage, they went to a restaurant where the appellant ate supper. Dikes remained in the car and the appellant left his pistol therein. After eating supper, which required about twenty minutes, the appellant re-entered the car, picked up the pistol and put it in his pocket. At that time officers appeared and arrested both the appellant and Dikes.

While in Coleman, in Coleman County, the appellant and Dikes drank some whisky. The appellant remained there for something like an hour or an hour and a half. Proof of these facts was made over the objection of the appellant. The pertinency of the deflection in Coleman County as bearing upon the guilt of the appellant in carrying the pistal in Runnels County is not apparent. The evidence should not have been received.

In its charge the court attempted to give the appellant the benefit of the exemption of a traveler from prosecution under Art. 484, P. C., prohibiting the carrying of a pistol. There was an exception to the manner in which the issue was submitted, and it cannot be denied that the charge is inaccurate. However, the inaccuracy is not available to the accused as a ground for reversal in the absence of the preparation of a special charge which would have cured the defect. Such a special charge does not appear in the record. Odom v. State, 82 Tex. Cr. R. 580; Simpson v. State, 87 Tex. Cr. R. 277.

Aside from the evidence which might show a deflection from the journey in Coleman County, no testimony is perceived, which would show a deflection from the journey while the appellant was in Runnels County. It has been correctly held that in determining whether one is a traveler, it is not the distance alone but the mode of travel as modified by the prevalence of good roads and the

use of automobiles, which is to be taken into account. George v. State, 90 Tex. Cr. R. 179; Wortham v. State, 95 Tex. Cr. R. 135; Grant v. State, 13 S. W. (2d) 889. Nothing in the evidence seems to warrant any conclusion other than that the appellant was on a journey from Comanche County to the ranch in Runnels County where his mother was visiting for the purpose of taking her back to her home in Comanche County, and the evidence, in our judgment, does not show any such deflection or turning aside from his journey as would forfeit his exemption as a traveler. According to all of the evidence before the court, the appellant, at nightfall, simply turned aside and went to a restaurant to eat a meal, leaving his pistol in the car while he was eating. The officers who arrested him testified but stated no circumstance which would reflect upon the good faith of the appellant in his claim that he was a traveler. The precedents upon the subject are numerous. Many of them are cited in Branch's Ann. Tex. P. C., Sec. 977. They are to the effect that the cessation of the journey on some legitimate business incident to the journey would not make the defendant cease to be a person traveling. See Price v. State, 34 Tex. Cr. R. 102, and numerous other cases cited in the note mentioned.

The evidence is not deemed such as to justify the conviction. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*