**Robert Benson PAYNE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46289.**

Court of Criminal Appeals of Texas.

May 23, 1973.

Kerry P. FitzGerald and Edward J. Dees, Dallas, for appellant.

Henry Wade, Dist. Atty. and William J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for unlawfully carrying a pistol; the punishment, a fine of $100 with the appellant being granted probation.

The appellant urges that the trial court committed reversible error in refusing to submit to the jury the requested charge concerning the right to carry a pistol from one place to another.

The court refused to submit the requested charge but did submit a similar charge which the appellant contends was more restrictive than that to which he was entitled. In this case the facts which will be hereafter stated, when looked upon most favorably from the appellant's standpoint, would not entitle him to the requested charge.

J. W. Hudson and Paul Wimer, police officers for the City of Dallas, stopped and arrested the appellant while he was driving a 1971 Cadillac automobile on Oakland Avenue at about 9:45 P.M., September 29, 1971. The officers saw the appellant driving in an erratic manner and, believing him to be intoxicated, stopped him. After the appellant was stopped and got out of his automobile, the officers were of the opinion he was intoxicated, and placed him under arrest. While looking for intoxicating beverages the officers found a .38 caliber pistol in the glove compartment.

The appellant, testifying in his own behalf, admitted that he had the pistol in the glove compartment. He testified that he had been at his rural residence south of Tyler and that he was taking the pistol from there to his home in Dallas. He left Tyler between 5:00 and 5:30 P.M. and, departing from the direct route to his home, drove to an area in South Dallas where he arrived between 7:00 and 7:30 P.M. He said that he had purchased a house in South Dallas a short time before, and his purpose for going there at this time was to meet a contractor concerning the repair of the house. He went to a lounge in the neighborhood in order to make a telephone call to the contractor. He talked to the contractor's wife on the telephone and decided to await a return call from the contractor. He remained in the lounge. He testified that he had told the officers that he had two cans of beer. While in the lounge he was approached by two young ladies whom he had never seen before and had not seen since his arrest. He agreed to take the young ladies to their home. It was while he was traveling to their home that he was stopped and arrested. His testimony at the trial concerning

the presence of the two girls in his car was contrary to what the officers testified the appellant told them after he was stopped.

Article 483, Vernon's Ann.P.C. provides that weapons therein described may not be carried on or about one's person. Article 484, V.A.P.C., provides that Article 483, V.A.P.C., shall not be applicable in certain instances. These statutes have been interpreted to permit the carrying of a prohibited weapon from one place to another for legitimate purposes. However, the cases have held that if one loiters along the way or unnecessarily deviates from the route from one of the said places to another, the exemptions provided by Article 484, V.A.P.C. do not apply. See Stilly v. State, 27 Tex.App. 445, 11 S.W. 458 (1889); Navarro v. State, 50 Tex.Cr.R. 326, 96 S.W. 932 (1906); Cordova v. State, 50 Tex.Cr.R. 353, 97 S.W. 87 (1906) and Cassi v. State, 86 Tex.Cr.R. 369, 216 S.W. 1099 (1919).

The facts in the case of Davis v. State, 135 Tex.Cr.R. 659, 122 S.W.2d 635 (1938) cited by the appellant, although similar to the facts in this case in some ways, are distinguishable because the defendant there did not stop and loiter in a lounge for approximately two hours as the appellant did in this case.

Under the facts of this case the appellant had deviated from the course of his travel from his country to his city residence and had loitered in a lounge. He was therefore not entitled to the charge he requested and the charge given by the court was more favorable than required under the facts in this case.

The remaining ground of error concerns the testimony of one of the arresting officers. The officer was asked: "Now where did you first offer the defendant a Breathalyzer Test?" The officer answered: "City Hall." An objection was then interposed that this constituted an extraneous matter not related to this case in which the appellant was charged with carrying a pistol. The appellant had already testified on cross-examination without objection that the arresting officer had given him a warning concerning the taking of a Breathalyzer Test. In view of the record, no error is shown. The appellant's contention on appeal that it was an attempt to impeach the appellant on a collateral matter and that the admission of this testimony violated constitutional rights, is wholly without merit.

The judgment is affirmed.

Opinion approved by the Court.