Thomas Conrad Illingworth v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-369-CR

THOMAS CONRAD ILLINGWORTH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY

------------

OPINION

------------

I.  Introduction

Appellant Thomas Conrad Illingworth appeals from the trial court’s judgment finding him guilty of unlawfully carrying a weapon.  Following a bench trial, the trial court sentenced Illingworth to 300 days in the Denton County jail, but suspended the sentence and placed Illingworth on community supervision for a period of twenty-four months and imposed a $500 fine.  In a single point, Illingworth complains that the trial court erred by rejecting his traveling defense.  We will affirm.

II.  Factual and Procedural Background

Illingworth resides in Kaufman County and regularly visits his two children, who  live in Denton County, on weekends.  While visiting, Illingworth typically stays overnight at a hotel or with a friend.  

On January 5, 2003 just before 1:00 a.m., Officer Jay Powell of the Lewisville Police Department was conducting surveillance at the Days Inn Hotel in Denton County.  He saw Illingworth’s truck pull into the Days Inn parking lot and park in the fire lane.  Officer Powell observed Illingworth going through his belongings in the truck, opening and closing the various doors and the tool chest located in the truck’s bed.  Officer Powell recognized Illingworth because Illingworth had arrived at the hotel the previous night while Officer Powell was conducting surveillance. 

A man approached Illingworth and began to speak with him.  At this point, Officer Powell also approached Illingworth to ask why he had parked his truck in a fire lane and to discuss a problem with narcotics that was occurring in and around that particular hotel.  Illingworth told Officer Powell that he was staying at the hotel because he was in town visiting his two children.
(footnote: 1)  Illingworth subsequently consented to a search of his vehicle, and Officer Powell found a .40 caliber Smith & Wesson in the driver’s door panel.
(footnote: 2)  Illingworth did not have a license to carry the handgun, and Officer Powell arrested him.  The trial court found Illingworth guilty of unlawfully carrying a weapon, and this appeal followed. 

III.  Traveling Defense To Unlawfully Carrying A Weapon

Illingworth argues that the trial court erred when it concluded that the traveling defense to unlawfully carrying a weapon did not apply to him.  Specifically, Illingworth maintains that the trial court erred by finding that “he was required to store the handgun in some place other than his vehicle” once he reached his destination.  Illingworth further argues that he was “continuing his journey at the time that he encountered the police and was still covered by the traveling defense.”  The State contends that Illingworth was not traveling at the time of his arrest because his status as a traveler ceased to exist when he reached his destination, Lewisville.  Additionally, the State argues that “it is by no means clear” that Illingworth was ever a traveler in his trip from Kaufman County to Denton County. 

A.  Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the judgment 
in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the judgment.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

B.  Traveling Defense

“A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun . . . .”  
Tex. Penal Code Ann.
 § 46.02(a) (Vernon 2003).  However, “[s]ection 46.02 does not apply to a person who . . . is traveling.”  
Id
. § 46.15(b)(3) (Vernon Supp. 2004-05).
  Section 46.15(b)(3)’s traveling exception is treated as a defense.  
See id. 
§ 2.03(e) (Vernon 2003) (“A ground of defense in a penal law that is not plainly labeled in accordance with this chapter has the procedural and evidentiary consequences of a defense.”) The question of whether one is a “traveler” is a fact question to be resolved by the trier of fact.  
See Smith v. State
, 630 S.W.2d 948, 950 (Tex. Crim. App. 1982); 
Evers v. State, 
576 S.W.2d 46, 50 (Tex. Crim. App. [Panel Op.] 1978). 

Despite judicial urging since 1898 for a statutory definition of traveling, the Texas Legislature has never defined the term.  
Compare Bain v. State
, 38 Tex. Crim. 635, 44 S.W. 518, 518 (1898) (“We would suggest . . . that the legislature define what is meant by a ‘traveler.’”) 
with
 
Moosani v. State
, 914 S.W.2d 569, 575 (Tex. Crim. App. 1995) (Baird, J. dissenting) (recognizing that “the Legislature had not defined traveling in its many sessions since we began interpreting it”); 
see also 
Robert G. Newman, 
A Farewell to Arms—An Analysis of Texas Handgun Control Law
, 13 
St. Mary’s Law 
J. 601, 607 (1982).
(footnote: 3)  The case law attempting to apply the defense is in a “condition of hopeless confusion.”  
See George v. State, 
90 Tex. Crim. 179, 234 S.W. 87, 88 (1921)
; Birch v. State
, 948 S.W.2d 880, 882 (Tex. App.—San Antonio 1997, no pet.)
.

For instance, it has been held that one traveling from county to county within the state is a traveler.  
See Ballard v. State
, 74 Tex. Crim. 110, 167 S.W. 340, 340 (1914) (op. on reh’g) (“It is true that one who leaves San Augustine and travels to Teneha, in other county, would be a traveler, and he could carry a pistol while engaged on such a trip.”); 
Campbell v. State
, 58 Tex. Crim. 349, 125 S.W. 893, 893 (1910) (“It has also been held in many cases that one person going from one county to another, is a person traveling.”).  But it has also been held that if the trip between counties is “so short there is no real journey, then one is not a traveler.”  
Sanchez v. State, 
122 S.W.3d 347, 356 (Tex. App.—Texarkana 2003, pet. ref’d) (holding driving fifteen minutes between cities in different counties did not constitute traveling).  
Cases hold that if a traveler loiters along the way, or unnecessarily deviates from the course of travel, he loses his status as a traveler.  
Payne v. State
, 494 S.W.2d 898, 899-900 (Tex. Crim. App. 1973) (holding evidence defendant stopped in lounge for two hours en route from Tyler to Dallas, allegedly to await return call from building contractor he was to meet in Dallas, defeated traveling defense as a matter of law); 
see also Tadlock v. State
, 124 Tex. Crim. 637, 64 S.W.2d 963, 964 (1933) (holding issue of whether defendant improperly deviated from the highway upon which he claimed to be a traveler should have been submitted to jury); 
Sanchez,
 122 S.W.3d at 356 (holding defendant's visits to friend’s homes were unnecessary deviations for pleasure not merely incidental to defendant’s journey that caused defendant to lose his status as a traveler as a matter of law, if he was ever entitled to such status).  However, interruption of the journey for legitimate incidental purposes does not forfeit a traveler’s right to carry a pistol.  
Kemp v. State
, 116 Tex. Crim. 90, 31 S.W.2d 652, 653 (Tex. Crim. App. 1930) (holding twenty-minute stop for meal at restaurant did not constitute deflection from his journey that would forfeit traveler exemption).  Whether one stays overnight is also a factor to be used in determining if he qualifies as a traveler.  
See Vogt v. State,
 159 Tex. Crim. 211, 258 S.W.2d 795, 796 (1953) (explaining, “[W]e were aware of no case where one was held to be a traveler whose absence was for less than a day.”).  Yet, an overnight stay is not required to claim the traveling defense.  
See Matocha v. State
, 890 S.W.2d 144, 146-47 (Tex. App.—Texarkana 1994,  pet. ref’d) (op. on reh’g).  Some cases hold that once a traveler arrives at his destination and secures a room he is no longer a traveler.  
See Ballard
, 167 S.W. at 340 (“When the evidence shows that he went to bed after arriving at the end of his journey, gets up next morning, puts on his pistol, and goes in search of [a person], he was guilty of carrying a pistol.”); 
see also Stilly v. State
, 27 Tex. App. 445, 11 S.W. 458, 458 (1889).  Likewise, one who has returned to his home area after traveling loses his status as a traveler.  
Soderman v. State
, 915 S.W.2d 605, 609 (Tex. App.—Houston [14
th
 Dist.] 1996, pet. ref’d, untimely filed).  Thus, there is “no hard and fast rule” to apply when determining whether one is a “traveler” pursuant to section 46.15(b)(3) of the penal code. 
See Matocha
, 890 S.W.2d at 147.

C.  Illingworth Was Traveling, But the Evidence Supports the Trial Court’s Determination that He Lost His Status as a Traveler When He Arrived at His Destination

Illingworth resides in Scurry, Texas, which is located in Kaufman County. To reach his children, he must travel through three counties: Kaufman County, Dallas County, and Denton County.  
See Ballard
, 167 S.W. at 340.
 [RR2: 27] In its brief, the State points out that the distance between Lewisville (in Denton County) and Scurry “is approximately 60 miles and takes roughly one hour and twenty minutes to travel.”  Illingworth testified that he makes the trip every weekend and that he stays overnight, either in a hotel or at a friend’s house. 
See Vogt
, 258 S.W.2d at 796.  Illingworth does not remain in Lewisville for long periods of time, only a few days.
(footnote: 4)  In this case, he arrived Friday night, January 3.  Furthermore, Illingworth drives his truck to Lewisville; he does not walk, ride a bicycle, or use any other mode of travel.  
See Kemp, 
31 S.W.2d at 653. 

The purpose of Illingworth’s journey was to visit his children.  
See 
id
.  Moreover, the purpose for carrying the handgun was not contrived.  
See Birch
, 948 S.W.2d at 882.  Illingworth testified, “I kept all my guns with me when I was leaving my house because my house had been broken into several times, as I kept other belongings locked in the tool box.”
(footnote: 5)  Upon arriving in Lewisville, he either registers at a hotel or stays with a friend. Based on our examination of the record, he does not own a house, rent an apartment, or have any other related interest in a dwelling in the Lewisville area.  At the time of his arrest, Illingworth had neither returned back to Kaufman County nor deviated from his course of travel and loitered.  
See Payne
, 494 S.W.2d at 900.  Accordingly, we hold that Illingworth conclusively established that he was “traveling” as he journeyed from Scurry to Lewisville.  
See 
Tex. Penal Code Ann.
 § 46.15(b)(3); 
Campbell, 
125 S.W. at 893. 

It appears from the record that the trial court determined that Illingworth was traveling as he proceeded from Scurry to Lewisville,
(footnote: 6) 
but then implicitly found that Illingworth’s status as a traveler ended when he reached Lewisville, prior to his arrest.  The court stated:

Well, I’m wondering if you believe the traveling defense requires - - in this particular case - - once he reaches his destination, Denton County, to then have him take the weapons outside of his vehicle, secure them in his room so that while he’s in Denton County, he then is able to travel to and from.

The trial court further opined:

Okay.  I don’t believe the law is that once you reach a destination that you’re allowed to have the weapon in the vehicle unless it’s adequately secured and away from things.  I don’t find that in this particular case since it’s on the side of the pocket.

I don’t doubt - - dispute the fact that you came from Scurry, Van Zandt County [sic].  The issue is whether or not the law allows you to have your weapon in the side door while traveling around Denton County and/or while you’re - - leave it there for the night.  I don’t think it does.

The present facts are analogous to the facts in 
Stilley
 and in 
Evers
.  In 
Stilley
, the court held that a defendant who had traveled to Gainsville and stopped at a wagon yard outside town was a traveler, but that he lost his status as a traveler when he entered the town to consume liquor at the bar.  11 S.W. at 458.  The appellate court explained,

It would be an unreasonable interpretation of the intent of the law to hold that a person traveling might stop in a town or city, and idly stroll through its streets and visit its gambling dens and saloons and public places, armed with a pistol.  The practical result of such an interpretation of the statute would cause our cities and towns to be infested with armed men, while the citizens of such places would be prohibited from carrying arms to protect themselves from these privileged characters.  We are of opinion, therefore, that the evidence does not show that the defendant, at the time he was found in the gambling-house with the pistol upon him, was a "person traveling," within the meaning of the statute.  He was not then traveling.  He was not engaged in any business connected with his journey.  If he was so engaged it devolved upon him to show it, which he failed to do.  His having the pistol on his person at the time, place, and under the circumstances proved, made a prima facie case of guilt against him, and it devolved upon him to establish the facts or circumstances on which he relied to excuse or justify the prohibited act. 

Id
. at 458-59.  Likewise, in 
Evers
, the evidence showed that the defendant traveled from Louisiana to Dallas, but continued to carry his handgun on or about his person while he drove about Dallas the following day.  576 S.W.2d at 50.  The court of criminal appeals held that because the defendant had arrived at his destination and secured a room, he was no longer “traveling.”  
Id.
 

Here, Illingworth was arrested on his second evening in Lewisville after he had already stayed one night in the Days Inn.  Although Illingworth qualified as “traveling” while driving from Scurry to Lewisville, and from Lewisville to Scurry, we cannot conclude that the determination of the trial court, as finder of fact, that Illingworth was not in the course of traveling when he was arrested for unlawfully carrying a weapon is supported by legally insufficient evidence.  
See, e.g., Soderman
, 915 S.W.2d at 610 (“Thus, even if appellant had previously been a traveler, we find no evidence that he was in the course of that travel when he was apprehended.”).  Accordingly, we overrule Illingworth’s sole point.

IV.  Conclusion

Having overruled Illingworth’s sole point, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL F: DAUPHINOT, HOLMAN, and WALKER, JJ.

PUBLISH

DELIVERED: January 13, 2005

FOOTNOTES
1:
Officer Powell testified that subsequently Illingworth said he was there to purchase methamphetamine.  Illingworth testified that he never told Officer Powell that he was there to buy methamphetamine that night. 

2:
Officer Powell also found a 12-gauge shotgun, a .380 Llama pistol located in a safe mounted to the rear wall of the truck, two night vision binoculars, two knives, a set of handcuffs, a digital camera, a pair of walkie talkies, and a police scanner. 

3:
Mr. Newman wrote,

Although the courts have requested that the legislature define exactly what is meant by traveler, the legislature has, as yet, failed to respond.  Those accused of violating section 46.03 have repeatedly attempted to define traveler, but the Texas Court of Criminal Appeals has consistently held these definitions improper.  Perhaps the only way to determine what constitutes a traveler is to delineate what the court of criminal appeals has determined a traveler is not.  

(citations omitted).

4:
Illingworth testified on cross-examination, “Normally, I come in on the weekend.  Sometimes if I had Friday off, I’d catch an extra day and come in.  And if I couldn’t afford to rent a room for three nights, I’d stay with a friend for a night.” 

5:
Illingworth further testified:

[Prosecutor]: So do you always have the gun there?

[Illingworth]: Just when I’m traveling.

[Prosecutor]: But even when you’re in town for a few nights, you keep it there?

[Illingworth]: Just when I’m traveling from Scurry to a distance where I’m staying overnight.

6:
However, it did not expressly state so, and the State raises this issue in its brief.