COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-130-CR

NO. 2-06-131-CR

THOMAS CHARALAMBOPOULOS APPELLANT

 V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------ 

Appellant Thomas Charalambopoulos appeals his convictions for driving while intoxicated (“DWI”) and unlawfully carrying a weapon (“UCW”).  Following a bench trial, the trial court sentenced Appellant to 180 days’ confinement for the DWI and 365 days’ confinement for the UCW, to be served concurrently, but probated those sentences for eighteen and twenty-four months, respectively.  In four issues, Appellant contends that the evidence is legally and factually insufficient to support his DWI and UCW convictions.  We will affirm.

I.  Background

Around midnight, Officer Nigel Renfro of the Carrollton Police Department observed one car passing another at a high rate of speed without signaling.  Officer Renfro pulled the speeding vehicle over and, when he approached the vehicle, detected an odor of alcohol coming from the driver—Appellant.  When Officer Renfro requested that Appellant get out of the car to undergo field sobriety testing, Appellant had to use the door to balance himself while getting out.  Officer Renfro again detected the odor of alcohol coming from Appellant’s breath and clothing, and noticed that Appellant had glossy eyes and was swaying.  After conducting the horizontal gaze nystagmus (HGN), one-legged-stand, and walk and turn tests, Officer Renfro determined that Appellant did not have the normal use of his mental and physical faculties and placed him under arrest for DWI.  During the course of arresting Appellant, Officer Renfro discovered a loaded semi-automatic handgun in the back of Appellant’s waistband. 

The State filed informations charging Appellant with the offenses of DWI and UCW.  Appellant pleaded not guilty to both offenses, and a bench trial followed.  At trial, the president of the gentleman’s club where Appellant worked testified that, on the evening of Appellant’s arrest, Appellant did not appear intoxicated and was driving a fellow employee to Denton when Officer Renfro stopped him.  According to Officer Renfro, Appellant said that he had been to a Dallas Stars hockey game earlier that evening, had consumed alcohol at the game, had returned to the gentleman’s club, and was driving a friend home.  Officer Renfro also testified that Appellant was not sure of the location of his friend’s home. 
 In addition to the aforementioned testimony, two videotapes were admitted into evidence.  One videotape depicted the roadside stop, the sobriety testing, and the arrest of Appellant, while the other depicted Appellant in the police interrogation room at the police station. 

II.  Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the judgment 
in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).
  

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the 
judgment
.  
Watson
, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”
 
 Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the fact-finder’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and [the fact-finder was] in attendance when the testimony was delivered.” 
Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.

III.  Driving While Intoxicated

In his first two issues, Appellant contends that the evidence is legally and factually insufficient to support his conviction for DWI.  To prove that Appellant was guilty of DWI, the State had the burden of proving, beyond a reasonable doubt, that Appellant (1) drove or operated a motor vehicle (2) while intoxicated (3) in a public place.  
Tex. Penal Code Ann.
 § 49.04(a) (Vernon 2003).

A.  Legally Sufficient Evidence Exists to Establish Intoxication

Appellant does not challenge the first or third elements listed above.  Rather, Appellant claims that Officer Renfro’s opinion that he had lost the normal use of his mental and physical faculties is legally insufficient to support a finding that he was intoxicated when weighed against his actions as recorded in the videotaped interrogation at the police station, evidence of his lack of sleep, and his employer’s testimony that he did not appear intoxicated.  

But in a legal sufficiency challenge we must review the evidence in the light most favorable to the trial court’s judgment.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693.  Officer Renfro testified that he smelled alcohol on Appellant’s breath and clothing, that Appellant admitted to having consumed alcohol earlier that evening, that Appellant was glossy-eyed and swaying.  Officer Renfro also testified that he had detected at least four clues during the HGN testing, that Appellant had lost his balance during the one-legged-stand test, and that Appellant had stepped out of position and used his arms for balance during the walk and turn test.  Consequently, Officer Renfro concluded that 
Appellant had lost the normal use of his mental or physical faculties.  In addition to Officer Renfro’s testimony, the videotape recorded from Officer Renfro’s patrol car depicted the roadside stop as described by Officer Renfro, including Appellant’s exit from his vehicle and his performance of the field sobriety tests. 

Viewing all of the evidence in the light most favorable to the judgment, we hold that a 
rational trier of fact could have found, beyond a reasonable doubt, that Appellant drove or operated a motor vehicle while intoxicated.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693.  We therefore overrule Appellant’s first issue.

B.  Factually Sufficient Evidence Exists to Establish Intoxication

In his second issue, Appellant contends that the evidence is factually insufficient to support the finding that he was intoxicated.  Specifically, Appellant argues that the great weight and preponderance of the evidence contradicts and undermines Officer Renfro’s testimony that Appellant had lost the normal use of his mental or physical faculties.  Appellant claims that the videotape made at the police station shows that he did possess the normal use of his faculties and points out that the president of the gentleman’s club where he worked testified that he was not intoxicated when the president spoke to him approximately one hour before the stop.  

Appellant is correct that the evidence on the issue of intoxication is conflicting.  Evidence indicating that Appellant was intoxicated includes Officer Renfro’s testimony, Appellant’s admission that he had consumed alcohol earlier that evening, the videotape of the roadside stop, and the results of the field sobriety testing.  Evidence indicating that Appellant was not intoxicated includes the testimony of the president of the gentleman’s club where Appellant worked, the videotape of the police station interrogation, and the evidence of Appellant’s lack of sleep.  

After giving due deference to the trial court’s determinations, including those concerning the weight and credibility of the evidence, we conclude that the evidence supporting the finding that Appellant was intoxicated is not so weak that the trial court’s determination is clearly wrong and manifestly unjust and that conflicting evidence does not so greatly outweigh the evidence supporting the finding that the trial court’s determination is manifestly unjust.  
See Watson
, 204 S.W.3d at 414-15; 
Johnson
, 23 S.W.3d at 8, 11.
  Accordingly, we hold that the evidence was factually sufficient to support Appellant’s DWI conviction, and we overrule his second issue.

IV.  Unlawfully Carrying a Weapon

In his third and fourth issues, Appellant contends that the evidence is legally and factually insufficient to support his UCW conviction because the “traveling defense” was established
.  

To prove that Appellant was guilty of UCW, the State had the burden of proving, beyond a reasonable doubt, that Appellant (1) intentionally, knowingly, or recklessly (2) carried on or about his person (3) a handgun.  
Tex. Penal Code Ann.
 § 46.02(a) (Vernon 2003). 
 The traveling defense provides that, despite proof of these elements, a person is nonetheless not guilty of UCW if they are “traveling.”  
Id.
 § 46.15(b)(3) (Vernon Supp. 2006).  The traveling defense is a fact question to be resolved by the trier of fact.  
See Illingworth v. State
, 156 S.W.3d 662, 664 (Tex. App.—Fort Worth 2005, no pet.).  While there is no black-letter law defining the term “traveling,” in determining whether the traveling defense was established courts look at several factors, including whether a person travels from county to county, whether the trip between counties is so short that there is no real journey, whether the traveler loiters along the way, whether the traveler unnecessarily deviates from the course of travel, whether any interruption in the journey is for legitimate incidental purposes, whether a traveler stays overnight, and whether a traveler has arrived at his destination.  
See id.
 at 665-66.  

A.  Sufficient Evidence Exists to Support the Rejection of the Traveling Defense

The evidence regarding Appellant’s journey in this case is largely undisputed.  The State concedes that Appellant’s recited facts are correct.  Those facts demonstrate that Appellant lived at 7043 Orchard Lane in Dallas,  that Appellant was employed at a gentleman’s club in Dallas, that Appellant’s family owned a house in Denton County, that Appellant told Officer Renfro that he began his trip at the gentleman’s club in Dallas, that Appellant told Officer Renfro that he was taking a friend home but did not know her exact address, and that the president of the gentleman’s club testified that Appellant was driving a waitress to Denton.  Nothing in the record demonstrates that Appellant planned to stay the night in Denton County.  Nothing in the record demonstrates that Appellant would not return to Dallas after taking his friend home.  Nothing in the record demonstrates that the trip from the gentleman’s club in Dallas to Appellant’s friend’s home in Denton County was anything but a short errand.

After viewing all of the evidence in the light most favorable to the trial court’s judgment, we hold that a rational trier of fact could have found the essential elements of the crime and rejected the traveling defense beyond a reasonable doubt.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693.  After viewing all of the evidence in a neutral light, favoring neither party, we hold that the evidence is not so weak that the trial court’s determination is clearly wrong and manifestly unjust and that conflicting evidence does not so greatly outweigh the evidence supporting the UCW conviction that the trial court’s determination is manifestly unjust.  
See Watson
, 204 S.W.3d at 414-15, 417; 
Johnson
, 23 S.W.3d at 11.  
Accordingly, we hold that the evidence was legally and factually sufficient to support Appellant’s UCW conviction and overrule his third and fourth issues.

V.  Conclusion

Having overruled Appellant’s issues, we affirm the trial court’s judgment.

 SUE WALKER

 JUSTICE

PANEL B
: LIVINGSTON, WALKER, and MCCOY, JJ. 

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED: May 31,2007

 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.