COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-06-130-CR

NO. 2-06-131-CR

 

 

THOMAS CHARALAMBOPOULOS                                                   APPELLANT

 

   V.

 

THE STATE OF TEXAS                                                                 STATE



 

                                              ------------

 

         FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------      








Appellant
Thomas Charalambopoulos appeals his convictions for driving while intoxicated (ADWI@) and
unlawfully carrying a weapon (AUCW@).  Following a bench trial, the trial court
sentenced Appellant to 180 days=
confinement for the DWI and 365 days=
confinement for the UCW, to be served concurrently, but probated those
sentences for eighteen and twenty-four months, respectively.  In four issues, Appellant contends that the
evidence is legally and factually insufficient to support his DWI and UCW
convictions.  We will affirm.

I.  Background

Around
midnight, Officer Nigel Renfro of the Carrollton Police Department observed one
car passing another at a high rate of speed without signaling.  Officer Renfro pulled the speeding vehicle
over and, when he approached the vehicle, detected an odor of alcohol coming
from the driverCAppellant.  When Officer Renfro requested that Appellant
get out of the car to undergo field sobriety testing, Appellant had to use the
door to balance himself while getting out. 
Officer Renfro again detected the odor of alcohol coming from Appellant=s breath
and clothing, and noticed that Appellant had glossy eyes and was swaying.  After conducting the horizontal gaze
nystagmus (HGN), one-legged-stand, and walk and turn tests, Officer Renfro
determined that Appellant did not have the normal use of his mental and
physical faculties and placed him under arrest for DWI.  During the course of arresting Appellant, Officer
Renfro discovered a loaded semi-automatic handgun in the back of Appellant=s
waistband. 








The
State filed informations charging Appellant with the offenses of DWI and
UCW.  Appellant pleaded not guilty to
both offenses, and a bench trial followed. 
At trial, the president of the gentleman=s club
where Appellant worked testified that, on the evening of Appellant=s
arrest, Appellant did not appear intoxicated and was driving a fellow employee
to Denton when Officer Renfro stopped him. 
According to Officer Renfro, Appellant said that he had been to a Dallas
Stars hockey game earlier that evening, had consumed alcohol at the game, had
returned to the gentleman=s club, and was driving a friend
home.  Officer Renfro also testified that
Appellant was not sure of the location of his friend=s
home.  In addition to the aforementioned
testimony, two videotapes were admitted into evidence.  One videotape depicted the roadside stop, the
sobriety testing, and the arrest of Appellant, while the other depicted
Appellant in the police interrogation room at the police station. 

II.  Standard
of Review

In reviewing
the legal sufficiency of the evidence to support a conviction, we view all the
evidence in the light most favorable to the judgment in order to determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  








When
reviewing the factual sufficiency of the evidence to support a conviction, we
view all the evidence in a neutral light, favoring neither party.  Watson v. State, 204 S.W.3d 404, 414
(Tex. Crim. App. 2006); Drichas v. State, 175 S.W.3d 795, 799 (Tex.
Crim. App. 2005).  We then ask whether
the evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s determination is manifestly
unjust.  Watson, 204 S.W.3d at
414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000).  To reverse under the second ground,
we must determine, with some objective basis in the record, that the great
weight and preponderance of all the evidence, though legally sufficient,
contradicts the judgment.  Watson,
204 S.W.3d at 417.








In
determining whether the evidence is factually insufficient to support a
conviction that is nevertheless supported by legally sufficient evidence, it is
not enough that this court Aharbor a
subjective level of reasonable doubt to overturn [the] conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s
resolution of a conflict in the evidence. 
Id.  We may not simply
substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at 12; Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the fact-finder=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and [the fact-finder was]
in attendance when the testimony was delivered.@ Johnson,
23 S.W.3d at 8.  Thus, we must give due deference
to the fact-finder=s determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Id. at 9.

III.  Driving
While Intoxicated

In his
first two issues, Appellant contends that the evidence is legally and factually
insufficient to support his conviction for DWI. 
To prove that Appellant was guilty of DWI, the State had the burden of
proving, beyond a reasonable doubt, that Appellant (1) drove or operated a
motor vehicle (2) while intoxicated (3) in a public place.  Tex.
Penal Code Ann. ' 49.04(a) (Vernon 2003).

A.  Legally Sufficient Evidence Exists to
Establish Intoxication

Appellant
does not challenge the first or third elements listed above.  Rather, Appellant claims that Officer Renfro=s
opinion that he had lost the normal use of his mental and physical faculties is
legally insufficient to support a finding that he was intoxicated when weighed
against his actions as recorded in the videotaped interrogation at the police
station, evidence of his lack of sleep, and his employer=s
testimony that he did not appear intoxicated. 









But in a
legal sufficiency challenge we must review the evidence in the light most
favorable to the trial court=s
judgment.  Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Hampton, 165 S.W.3d at 693.  Officer Renfro testified that he smelled
alcohol on Appellant=s breath and clothing, that
Appellant admitted to having consumed alcohol earlier that evening, that
Appellant was glossy-eyed and swaying. 
Officer Renfro also testified that he had detected at least four clues
during the HGN testing, that Appellant had lost his balance during the one-legged-stand
test, and that Appellant had stepped out of position and used his arms for
balance during the walk and turn test. 
Consequently, Officer Renfro concluded that Appellant had lost the
normal use of his mental or physical faculties. 
In addition to Officer Renfro=s
testimony, the videotape recorded from Officer Renfro=s patrol
car depicted the roadside stop as described by Officer Renfro, including
Appellant=s exit from his vehicle and his
performance of the field sobriety tests. 

Viewing
all of the evidence in the light most favorable to the judgment, we hold that a
rational trier of fact could have found, beyond a reasonable doubt, that
Appellant drove or operated a motor vehicle while intoxicated.  Jackson, 443 U.S. at 319, 99 S. Ct. at
2789; Hampton, 165 S.W.3d at 693. 
We therefore overrule Appellant=s first
issue.

 








B.  Factually Sufficient Evidence Exists to
Establish Intoxication

In his
second issue, Appellant contends that the evidence is factually insufficient to
support the finding that he was intoxicated. 
Specifically, Appellant argues that the great weight and preponderance
of the evidence contradicts and undermines Officer Renfro=s
testimony that Appellant had lost the normal use of his mental or physical
faculties.  Appellant claims that the
videotape made at the police station shows that he did possess the normal use
of his faculties and points out that the president of the gentleman=s club
where he worked testified that he was not intoxicated when the president spoke
to him approximately one hour before the stop. 


Appellant
is correct that the evidence on the issue of intoxication is conflicting.  Evidence indicating that Appellant was
intoxicated includes Officer Renfro=s
testimony, Appellant=s admission that he had consumed
alcohol earlier that evening, the videotape of the roadside stop, and the
results of the field sobriety testing. 
Evidence indicating that Appellant was not intoxicated includes the testimony
of the president of the gentleman=s club
where Appellant worked, the videotape of the police station interrogation, and
the evidence of Appellant=s lack of sleep.  








After
giving due deference to the trial court=s
determinations, including those concerning the weight and credibility of the
evidence, we conclude that the evidence supporting the finding that Appellant
was intoxicated is not so weak that the trial court=s
determination is clearly wrong and manifestly unjust and that conflicting
evidence does not so greatly outweigh the evidence supporting the finding that
the trial court=s determination is manifestly
unjust.  See Watson, 204 S.W.3d at
414-15; Johnson, 23 S.W.3d at 8, 11. 
Accordingly, we hold that the evidence was factually sufficient to
support Appellant=s DWI conviction, and we overrule
his second issue.

IV.  Unlawfully
Carrying a Weapon

In his
third and fourth issues, Appellant contends that the evidence is legally and
factually insufficient to support his UCW conviction because the Atraveling
defense@ was
established.  








To prove
that Appellant was guilty of UCW, the State had the burden of proving, beyond a
reasonable doubt, that Appellant (1) intentionally, knowingly, or recklessly
(2) carried on or about his person (3) a handgun.  Tex.
Penal Code Ann. ' 46.02(a) (Vernon 2003).  The traveling defense provides that, despite
proof of these elements, a person is nonetheless not guilty of UCW if they are Atraveling.@  Id. '
46.15(b)(3) (Vernon Supp. 2006).  The
traveling defense is a fact question to be resolved by the trier of fact.  See Illingworth v. State, 156 S.W.3d
662, 664 (Tex. App.CFort Worth 2005, no pet.).  While there is no black-letter law defining
the term Atraveling,@ in determining
whether the traveling defense was established courts look at several factors,
including whether a person travels from county to county, whether the trip
between counties is so short that there is no real journey, whether the
traveler loiters along the way, whether the traveler unnecessarily deviates
from the course of travel, whether any interruption in the journey is for
legitimate incidental purposes, whether a traveler stays overnight, and whether
a traveler has arrived at his destination. 
See id. at 665-66.  

A.  Sufficient Evidence Exists to Support the
Rejection of the Traveling Defense

 








The
evidence regarding Appellant=s
journey in this case is largely undisputed. 
The State concedes that Appellant=s
recited facts are correct.  Those facts
demonstrate that Appellant lived at 7043 Orchard Lane in Dallas,  that Appellant was employed at a gentleman=s club
in Dallas, that Appellant=s family owned a house in Denton
County, that Appellant told Officer Renfro that he began his trip at the
gentleman=s club in Dallas, that Appellant
told Officer Renfro that he was taking a friend home but did not know her exact
address, and that the president of the gentleman=s club
testified that Appellant was driving a waitress to Denton.  Nothing in the record demonstrates that
Appellant planned to stay the night in Denton County.  Nothing in the record demonstrates that
Appellant would not return to Dallas after taking his friend home.  Nothing in the record demonstrates that the
trip from the gentleman=s club in Dallas to Appellant=s friend=s home
in Denton County was anything but a short errand.

After
viewing all of the evidence in the light most favorable to the trial court=s
judgment, we hold that a rational trier of fact could have found the essential
elements of the crime and rejected the traveling defense beyond a reasonable
doubt.  See Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Hampton, 165 S.W.3d at 693.  After viewing all of the evidence in a
neutral light, favoring neither party, we hold that the evidence is not so weak
that the trial court=s determination is clearly wrong
and manifestly unjust and that conflicting evidence does not so greatly
outweigh the evidence supporting the UCW conviction that the trial court=s
determination is manifestly unjust.  See
Watson, 204 S.W.3d at 414-15, 417; Johnson, 23 S.W.3d at 11.  Accordingly, we hold that the evidence was
legally and factually sufficient to support Appellant=s UCW
conviction and overrule his third and fourth issues.

V.  Conclusion

Having
overruled Appellant=s issues, we affirm the trial
court=s
judgment.

 

                SUE WALKER

                JUSTICE

 

PANEL B: LIVINGSTON,
WALKER, and MCCOY, JJ. 

 

DO NOT PUBLISH                        

Tex.
R. App. P.
47.2(b)

 

DELIVERED: May 31,2007








        











[1]See Tex. R. App. P. 47.4.